579 So.2d 734 (1991)
James ARMSTRONG, Petitioner,
v.
STATE of Florida, Respondent.
No. 76768.
Supreme Court of Florida.
May 9, 1991.
James B. Gibson, Public Defender and Brynn Newton, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and James N. Charles, Asst. Atty. Gen., Daytona Beach, for respondent.
GRIMES, Justice.
We review Armstrong v. State, 566 So.2d 943 (Fla. 5th DCA 1990), to answer the following question certified as one of great public importance:
DOES TRIAL COUNSEL FOR A DEFENDANT WAIVE FOR HIS CLIENT FUTURE OBJECTION TO FAILURE TO GIVE THE FULL AND COMPLETE INITIAL INSTRUCTION ON JUSTIFIABLE AND EXCUSABLE HOMICIDE AS PART OF THE MANSLAUGHTER INSTRUCTION WHEN THE TRIAL ATTORNEY SPECIFICALLY REQUESTS AN ABBREVIATED INSTRUCTION, WHICH OTHERWISE WOULD CONSTITUTE FUNDAMENTAL ERROR?
Id. at 944. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
During Armstrong's trial for second-degree murder defense counsel requested that the jury be given an abbreviated version of the standard instruction on excusable homicide. In particular, counsel requested that the definition of excusable homicide be limited to omit reference to a killing in the heat of passion, upon sudden provocation, or upon sudden combat. The defense theory of the case was that Armstrong shot the victim by accident during a struggle for a gun. Defense counsel argued *735 that the evidence would only implicate that portion of the instruction that defined excusable homicide as a killing committed by accident and misfortune, and thus the omitted portion of the instruction was not relevant to the case.
The trial judge gave the instruction as requested. The jury found Armstrong guilty of second-degree murder. On appeal, Armstrong claimed that giving the limited instruction was fundamental, reversible error under Rojas v. State, 552 So.2d 914 (Fla. 1989). The Fifth District Court of Appeal agreed that error occurred but held that the error was waived because defense counsel requested the limited instruction.
Failure to instruct on justifiable or excusable homicide as it relates to the definition of manslaughter is reversible error. Rojas. In a different context, this Court has said that fundamental error may be waived where defense counsel requests an erroneous instruction. Ray v. State, 403 So.2d 956 (Fla. 1981). In Ray, the defendant was charged with sexual battery. The trial court, without objection, instructed the jury on commission of a lewd and lascivious act as a lesser included offense of sexual battery. Because the charge conference was not recorded, it was not clear whether defense counsel requested the instruction. After the jury convicted Ray of lewd assault, he claimed fundamental error, arguing that lewd assault is not a lesser included offense of sexual battery. This Court determined that lewd assault is not a lesser included offense of sexual battery. Although the Court refused to find waiver on these facts, it nevertheless held that
it is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object to the charge and failed to do so if: 1) the improperly charged offense is lesser in degree and penalty than the main offense or 2) defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action. Failure to timely object precludes relief from such a conviction.
Ray, 403 So.2d at 961 (footnote omitted) (emphasis added).
That analysis applies here. Counsel requested the limited instruction in order to tailor it to the defense that the killing was accidental. By affirmatively requesting the instruction he now challenges, Armstrong has waived any claim of error in the instruction.[1] Any other holding would allow a defendant to intentionally inject error into the trial and then await the outcome with the expectation that if he is found guilty the conviction will be automatically reversed. Armstrong's reliance on Achin v. State, 436 So.2d 30 (Fla. 1982), is misplaced because in that case the defendant had been convicted of a nonexistent crime.
We answer the certified question in the affirmative and approve the decision below.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, KOGAN and HARDING, JJ., concur.
NOTES
[1] We reject Armstrong's contention that his personal on-the-record waiver was required in this situation. Defense counsel's request for the limited instruction was a tactical decision. This distinguishes it from a waiver of a fundamental right which requires defendant's on-the-record waiver. See State v. Griffith, 561 So.2d 528 (Fla. 1990) (waiver of right to twelve-person jury was tactical decision which did not require defendant's personal waiver to be effective); Jones v. State, 484 So.2d 577 (Fla. 1986) (noncapital defendant's right to have jury instructed on all necessarily lesser included offenses does not require a record showing of defendant's personal waiver).