645 So.2d 425 (1994)
STATE of Florida, Petitioner,
v.
David F. LUCAS, Respondent.
No. 82877.
Supreme Court of Florida.
November 17, 1994.
*426 Robert A. Butterworth, Atty. Gen., Carolyn J. Mosley, Asst. Atty. Gen. and James W. Rogers, Bureau Chief, Criminal Appeals, Tallahassee, for petitioner.
Nancy A. Daniels, Public Defender, and Lynn A. Williams and Kathleen Stover, Asst. Public Defenders, Tallahassee, for respondent.
PER CURIAM.
We have for review Lucas v. State, 630 So.2d 597 (Fla. 1st DCA 1993), in which the First District Court of Appeal certified the following question as being of great public importance:
WHEN A DEFENDANT HAS BEEN CONVICTED OF EITHER MANSLAUGHTER OR A GREATER OFFENSE NOT MORE THAN ONE STEP REMOVED, DOES FAILURE TO EXPLAIN JUSTIFIABLE AND EXCUSABLE HOMICIDE AS PART OF THE MANSLAUGHTER INSTRUCTION ALWAYS CONSTITUTE BOTH "FUNDAMENTAL" AND PER SE REVERSIBLE ERROR, WHICH MAY BE RAISED FOR THE FIRST TIME ON APPEAL AND MAY NOT BE SUBJECTED TO A HARMLESS-ERROR ANALYSIS, REGARDLESS OF WHETHER THE EVIDENCE COULD SUPPORT A FINDING OF EITHER JUSTIFIABLE OR EXCUSABLE HOMICIDE?
630 So.2d at 600. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
David F. Lucas was charged with armed robbery, kidnapping, sexual battery and attempted second-degree murder. At trial, Lucas' defense was that although the crimes charged had occurred, he was not the perpetrator. At defense counsel's request, the trial court gave the jury an instruction on attempted manslaughter as a category-one lesser-included offense of attempted second-degree murder. However, the court failed to explain that Lucas could not be found guilty of attempted manslaughter if the evidence showed that the attempted homicide was justifiable or excusable. Lucas did not object to the omission. The jury found him guilty on all four counts.
Lucas appealed the attempted second-degree murder conviction, maintaining that the court's failure to explain justifiable and excusable homicide as part of the attempted manslaughter instruction was fundamental error, requiring reversal. Looking to this Court's decisions in Rojas v. State, 552 So.2d 914 (Fla. 1989), and Miller v. State, 573 So.2d 337 (Fla. 1991), the district court agreed and certified the above question. 630 So.2d at 599-600.
*427 We have repeatedly recognized that because manslaughter is a "residual offense, defined by reference to what it is not," a complete instruction on manslaughter requires an explanation that justifiable and excusable homicide are excluded from the crime. Stockton v. State, 544 So.2d 1006, 1008 (Fla. 1989); see also Armstrong v. State, 579 So.2d 734 (Fla. 1991); Rojas; Miller; State v. Smith, 573 So.2d 306 (Fla. 1990); Hedges v. State, 172 So.2d 824 (Fla. 1965). The district court is correct that this case is controlled by our decisions in Rojas and Miller, which stand for the proposition that failure to give a complete instruction on manslaughter during the original jury charge is fundamental error which is not subject to harmless-error analysis where the defendant has been convicted of either manslaughter or a greater offense not more than one step removed, such as second-degree murder. The only exception we have recognized is where defense counsel affirmatively agreed to or requested the incomplete instruction. Armstrong v. State, 579 So.2d 734 (Fla. 1991).
The State concedes that in order to answer the certified question in the negative we must recede from our prior decisions. We decline this suggestion and reiterate that the failure to give a complete initial instruction on manslaughter constitutes fundamental reversible error when the defendant is convicted of either manslaughter or a greater offense not more than one step removed. Accordingly, we answer the certified question in the affirmative and approve the decision below.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.