654 So.2d 225 (1995)
Robert ABBARNO, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1130.
District Court of Appeal of Florida, Fifth District.
April 21, 1995.
*226 James B. Gibson, Public Defender, and Sean K. Ahmed, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Belle B. Turner, Asst. Atty. Gen., and Anthony J. Hall, Certified Legal Intern, Daytona Beach, for appellee.
W. SHARP, Judge.
Abbarno appeals after a jury found him guilty of one count of attempted second degree murder with a firearm,[1] and four other criminal charges growing out of his assault on his estranged girlfriend, in her work place. He argues the trial judge committed fundamental error by failing to instruct the jury on justifiable or excusable homicide. Miller v. State, 573 So.2d 337 (Fla. 1991); Rojas v. State, 552 So.2d 914 (Fla. 1989). We disagree and affirm.
In State v. Lucas, 645 So.2d 425 (Fla. 1994), the defendant was charged with second degree murder and his counsel requested an instruction on attempted manslaughter. In instructing the jury, the trial court failed to explain that Lucas could not be found guilty of attempted manslaughter if the evidence showed the attempted homicide was possibly justifiable or excusable. Defense counsel failed to object to the omission of the instruction and Lucas was found guilty of attempted manslaughter.
The Florida Supreme Court held in Lucas that because manslaughter is a residual offense, it can only be defined by referring to what it is not. Thus a complete instruction on manslaughter requires an explanation of justifiable and excusable homicide. It is thus fundamental error not to give the complete instruction if the defendant has been convicted of either manslaughter or a greater offense not more than one step removed, such as second degree murder.
However in Lucas, the court recognized an exception to the fundamental error rule in this context, where the defense "affirmatively agreed to or requested the incomplete instruction." Armstrong v. State, 579 So.2d 734 (Fla. 1991). In this case, the exception is applicable. When asked about the proposed instruction, defense counsel in this case (Mr. Feliciani) stated he had no objection to the proposed instruction. More telling was the following colloquy:
The Court: There's no self-defense justifiable, none of that has been ...
Mr. Hastings: You're saying he just didn't do it.
Mr. Feliciani: Right.
Since defense counsel agreed with the proposed instruction, and conceded that he had no basis to argue excusable or justifiable homicide, there is no fundamental error in failing to give the complete instruction. See Armstrong v. State, 579 So.2d 734 (Fla. 1991). Defense counsel affirmed that neither justifiable homicide nor excusable homicide was involved. Thus an instruction on those two concepts would have achieved nothing. Further it appears that by making this affirmative statement to the trial judge, the trial judge may have been dissuaded from giving the complete instruction.
AFFIRMED.
DAUKSCH and GRIFFIN, JJ., concur.
NOTES
[1] §§ 782.04(2); 775.087(1) and (2), and 777.04, Fla. Stat. (1993).