682 So.2d 217 (1996)
Oscar ORTIZ, Appellant,
v.
STATE of Florida, Appellee.
No. 96-162.
District Court of Appeal of Florida, Fifth District.
November 1, 1996.
James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin Compton Jones, Assistant Attorney General, Daytona Beach, for Appellee.
COBB, Judge.
The defendant was charged with attempted robbery with a firearm and attempted first degree murder with a firearm. He was convicted as charged on the attempted robbery count and was convicted on the attempted *218 murder charge of the lesser offense of attempted second degree murder with a firearm. We affirm the attempted robbery conviction, but reverse the attempted second degree murder conviction.
The jury was not instructed on justifiable homicide. After the charge conference, defense counsel stated to the court: "Judge, we have looked over [the charges], and we don't have any objection to any of the instructions." The state contends that this language constitutes an express waiver of the justifiable homicide charges in accordance with the opinion in Armstrong v. State, 579 So.2d 734 (Fla.1991). As we read Armstrong and Blandon v. State, 657 So.2d 1198 (Fla. 5th DCA 1995), there was no express waiver.
As we held in Blandon, the mere failure to object to the omission of a justifiable homicide charge in an attempted murder case does not constitute the affirmative waiver discussed in Armstrong. It was the trial court's responsibility to see that the jury was properly instructed and that the definition of justifiable homicide was read.
The judgment and sentence for attempted second degree murder are reversed, and this cause remanded for a new trial on that charge.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR NEW TRIAL.
W. SHARP and GOSHORN, JJ., concur.