695 So.2d 459 (1997)
J.C. BLACK, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3403.
District Court of Appeal of Florida, First District.
June 9, 1997.
Lynn A. Williams, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Trina Kramer, Assistant Attorney General; and Charmaine Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
MICKLE, Judge.
Appellant challenges his conviction of second-degree murder with a weapon. We reverse *460 the judgment and sentence because the trial court failed to include a definition of excusable homicide in the jury instruction on manslaughter.
Appellant was charged by indictment with first-degree murder. His theory of defense at trial was self-defense. At the conclusion of the trial, the trial court instructed the jury that the crime of first-degree murder includes the lesser crimes of second-degree murder and manslaughter. In instructing on manslaughter, the court gave the following instruction:
With respect to the lesser included offense of manslaughter, before you can find the defendant guilty of that offense, the State must prove the following two elements beyond a reasonable doubt: One, Alee Clark is dead; and, two, the death was caused by the intentional act of J.C. Black or the culpable negligence of J.C. Black. However, the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide as I previously explained those terms.
Although the court indicated that the terms justifiable and excusable homicide had been explained earlier, nowhere in the transcript of the jury instructions is there an earlier charge on the definition of either justifiable or excusable homicide. While the court did go on to define justifiable homicide in relation to the defense of self-defense, the jury was never instructed on the definition of excusable homicide. The jury returned a verdict of guilty of the lesser included offense of second-degree murder with a weapon.
In all murder and manslaughter trials, the jury must be instructed as to the definitions of justifiable and excusable homicide. State v. Smith, 573 So.2d 306 (Fla. 1990). The failure to give a complete instruction on manslaughter constitutes fundamental error, which is not subject to a harmless-error analysis, in cases where the defendant has been convicted of manslaughter or a greater offense not more than one step removed. State v. Lucas, 645 So.2d 425 (Fla.1994). It matters not whether any view of the evidence could support a finding of either excusable or justifiable homicide. Id; Lucas v. State, 630 So.2d 597 (Fla. 1st DCA 1993).
In Lucas, the defendant was charged with attempted second-degree murder. During the charge conference, defense counsel requested an instruction on attempted manslaughter. In instructing the jury, the trial court failed to explain that the defendant could not be found guilty of attempted manslaughter if the evidence showed that the attempted homicide was justifiable or excusable. Defense counsel did not request a charge on either justifiable or excusable homicide and did not object to the omission of the instruction. The defendant was found guilty of attempted second-degree murder. On appeal, this court reversed the conviction, holding that a trial court's failure to explain justifiable and excusable homicide as part of an instruction on manslaughter is both fundamental and per se reversible error that can be raised for the first time on appeal and that is not subject to a harmless-error analysis. Lucas v. State, 630 So.2d at 599. The Florida Supreme Court approved the decision of this court, recognizing, however, that an exception to the fundamental error rule exists where defense counsel affirmatively agrees to, or requests, the incomplete instruction. State v. Lucas, 645 So.2d at 427, citing Armstrong v. State, 579 So.2d 734 (Fla.1991).
In the instant case, the instruction was clearly deficient in that the court, although thoroughly explaining the concept of justifiable homicide, failed to define excusable homicide. The state, however, argues that the exception recognized by the supreme court in State v. Lucas is applicable under the facts of this case, thus calling for affirmance. No transcript of the charging conference appears in the record on appeal. However, the trial transcript does reflect that, after the jury instructions were given, the court stated, "Stipulation, gentlemen, that the instructions as given to the jury were as reviewed in the charge conference?" Defense counsel answered, "Yes, sir, they were." The state argues that it is clear from this exchange that defense counsel affirmatively ratified the jury instruction as given.
*461 We cannot agree that defense counsel's statement to the court, simply acknowledging that the instructions as given to the jury were as reviewed at the charge conference, constituted an express waiver of, or an affirmative request to limit, the excusable homicide definitional instruction. At best, the record reflects that defense counsel failed to object to the incomplete instruction. Before the exception recognized in Lucas can apply, defense counsel must be aware that an incorrect instruction is being read and must affirmatively agree to, or request, the incomplete instruction. These circumstances do not exist on the instant record. As such, we must reverse the judgment and sentence and remand for a new trial.
REVERSED and REMANDED.
WEBSTER and LAWRENCE, JJ., concur.