RAMIREZ, J.
Bernard E. Brown appeals from his conviction after a jury trial for attempted first degree murder, carrying a concealed weapon, and violation of an injunction against domestic violence. We affirm.
Brown argues that the trial court erred when it allowed a juror to sit despite Brown’s objection for cause. During voir dire, the prosecutor asked the venire if anyone had any experience with domestic violence. Prospective juror Merced revealed that his mother had been a victim of domestic violence. The prosecutor proceeded to ask Merced,
STATE: Do you think that whatever involvement you had in the context of your life, do you think that you’ll be able to put that aside and listen to the evidence in this case or do you think that will affect you as you listen to the evidence, so it may impact your ability to make a decision in this case?
JUROR: I think it could, but I can’t give a direct answer.
COURT: All right. It’s not a question of whether it will impact on your decision to make a decision. The question is can you be fair and impartial. When I send you back to the jury room, you have to — I need to know before that whether you can be fair and impartial. Can you listen to the evidence, sir? Can you listen to the evidence and put aside all of that experience and when you go back in there you can be fair and impartial to both sides?
JUROR: Yes, sir.
The trial court subsequently denied the defense motion to strike Merced for cause.
We find that the trial court correctly denied the defense motion to strike Merced for cause. The question asked by the prosecutor was not the proper legal standard for a juror’s qualification. The response to the prosecutor’s question was equivocal. On the other hand, the trial court’s question was appropriate and elicited a direct and unequivocal response. Merced’s acknowledgment that his mother had some domestic violence problems was not dispositive. See Dorsey v. State, 806 So.2d 559, 561 (Fla. 3d DCA 2002)(pro-spective juror’s answers, when considered in full, left no reasonable doubt that he could render an impartial decision). Further, “[i]n reviewing a claim of error such as this, we have recognized that the trial court has a unique vantage point in the determination of juror bias.” Smith v. State, 699 So.2d 629, 635-36 (Fla.1997).
It is important to note that the only two questions dealing with juror Merced’s feelings about domestic violence and his ability to be fair were quoted above. The defense asked no questions of this juror. As the Florida Supreme Court stated in Trotter v. State, 576 So.2d 691, 694 (Fla.1990), “[i]t is the duty of a party seeking exclusion to demonstrate, through questioning, that a potential juror lacks impartiality.” If the defense had any doubts about the juror’s qualifications, as the party seeking the juror’s exclusion, the defense could have confronted the juror with his initial response to the prosecutor and explored any concerns about his fairness.
Brown also argues that the trial court erred when it failed to instruct the *654 jury on the limited purpose for which Williams Rule evidence was introduced. However, the defendant never requested any instructions with respect to Williams Rule evidence. “In order to be entitled to a limiting instruction, a defendant must request such an instruction”. Pope v. State, 679 So.2d 710, 714 (Fla.1996).
Finally, Brown argues that the trial court erred when it failed to instruct the jurors on the definitions of justifiable and excusable homicide. The court read the “Introduction to Attempted Homicide” and the jury was instructed on attempted first degree premeditated murder and the lesser included offenses of attempted second degree murder, attempted manslaughter, and aggravated battery. The defense made no objection to the proposed jury instructions either during the charging conference or prior to the instructions being read to the jury. In State v. Lucas, 645 So.2d 425, 427 (Fla.1994), the Florida Supreme Court held that “the failure to give a complete initial instruction on manslaughter constitutes fundamental reversible error when the defendant is convicted of either manslaughter or a greater offense not more than one step removed.” In this case, Brown was convicted of attempted first degree murder, an offense more than one step removed from attempted manslaughter. Thus, the lack of a complete instruction is not reversible error.
Affirmed.