884 So.2d 969 (2004)
Christopher Allen BECKHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-0410.
District Court of Appeal of Florida, First District.
August 4, 2004.
Rehearing Denied September 8, 2004.
*970 Nancy A. Daniels, Public Defender; and Janice G. Scott, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; and Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
A grand jury indicted Christopher A. Beckham (Appellant) for the first-degree premeditated murder (Count One) and robbery (Count Two) of Annette Graham. The jury found Appellant guilty of the lesser-included offense of second-degree murder (depraved mind) in Count One and not guilty in Count Two. Appellant contends, first, that the trial court committed fundamental error by failing to instruct the jury completely on justifiable and excusable homicide as part of the instruction on manslaughter; and, second, that the court erred by allowing testimony that when the detective told Appellant the victim's blood was on Appellant's shirt, Appellant declined to explain how that could have happened. We find no error in the court's allowing the detective's testimony where Appellant had been read his Miranda[1] rights and had initialed a waiver of rights form. See Thomas v. State, 726 So.2d 357 (Fla. 1st DCA 1999) (finding testimony that defendant had no response to question during police interview was not impermissible comment on his constitutional right to remain silent, where defendant had voluntarily waived his Miranda rights). However, absent a showing that defense counsel knew the jury instruction was incomplete and expressly and affirmatively waived Appellant's right to the complete instruction, we are constrained to reverse and remand for a new trial on Count One. See, e.g., Black v. State, 695 So.2d 459 (Fla. 1st DCA 1997); Roberts v. State, 694 So.2d 825 (Fla. 2d DCA 1997); Ortiz v. State, 682 So.2d 217 (Fla. 5th DCA 1996).
We have de novo review of the question of law whether the trial court fundamentally erred by failing to give a complete and accurate jury instruction (explaining justifiable and excusable homicide) for the offense of manslaughter, which is one step removed from second-degree murder (of which Appellant was found guilty). See State v. Lucas, 645 So.2d 425, 427 (Fla.1994); Miller v. State, 870 So.2d 15, 17 (Fla. 2d DCA 2003) ("Failure *971 to instruct on an offense only one step removed from the conviction is per se reversible error."). Manslaughter is defined as "[t]he killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification according to the provisions of chapter 776 and in cases in which such killing shall not be excusable homicide or murder." § 782.07(1), Fla. Stat. (1999). Thus, "[m]anslaughter is a residual offense, defined by reference to what it is not." Stockton v. State, 544 So.2d 1006, 1007-08 (Fla.1989). "In order to define manslaughter completely, the definitions of justifiable and excusable homicide must be included. An instruction on manslaughter which omits the definitions of justifiable and excusable homicide is, therefore, incomplete." Id. at 1008; see also Miller v. State, 573 So.2d 337 (Fla.1991) (holding that trial court fundamentally erred in failing to mention manslaughter defenses of justifiable and excusable homicide, where defendant was charged with second-degree murder and found guilty of manslaughter); Fletcher v. State, 828 So.2d 460, 461 (Fla. 5th DCA 2002) ("It is well-established that trial courts are required to read the instructions on justifiable and excusable homicide in all murder and manslaughter cases."); Black, 695 So.2d at 460. Although the State correctly notes that Appellant presented an alibi defense, case law states that "[f]ailure to read these instructions constitutes fundamental error, even if there is no basis in fact for the charge." Id.
At Appellant's trial, when the judge asked for the proposed jury instructions, the prosecutor said "[t]hey're on the way." Defense counsel stated on the record that he and the State had reviewed the instructions. When the judge asked whether the attorneys were in agreement, defense counsel answered in the affirmative. The judge then remarked: "As soon as they get here, I'll ask that you go through them and make sure that they are as you have agreed, and then I will read them in the record and each juror will be given a copy." Later the same day, the prosecutor provided a copy of the instructions to the court and stated that he had provided a copy to defense counsel, who stated that he was ready to proceed. Defense counsel did not object to the written instructions. The attorneys then presented closing argument.
Subsequently, the jury was instructed without an objection. First, the court gave instructions on first-degree premeditated murder and first-degree felony murder. Next, the court instructed the jury on second-degree murder (depraved mind), second-degree felony murder, and third-degree murder. The court read the following instruction on the lesser-included offense of manslaughter:
Manslaughter. Before you can find the defendant guilty of manslaughter, the State must prove the following two elements beyond a reasonable doubt:
Number one, Annette Graham is dead.
Number two, the defendant [A] intentionally caused the death of the victim.
B, intentionally procured the death of the victim.
C, caused the death of the victim by culpable negligence.
However, the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide, as I have previously explained those terms to you.

(Emphasis added). In fact, the judge had not previously explained the terms "justifiable or excusable homicide." Defense counsel did not object.
Appellant relies on Rojas v. State, 552 So.2d 914 (Fla.1989), and its *972 progeny for the proposition that the failure to instruct on justifiable and excusable homicide when instructing the jury on manslaughter constitutes reversible error. See id. at 916; Lucas, 645 So.2d at 425; McCray v. State, 846 So.2d 1253 (Fla. 1st DCA 2003) (reversing manslaughter conviction and remanding because trial court fundamentally erred by failing to explain in manslaughter instruction that offense does not encompass justifiable or excusable homicide). Like Appellant, Rojas was charged with first-degree murder and was found guilty of second-degree murder. At the beginning of the first instruction in Rojas, the court informed the jury concerning when the killing of a human being is justifiable or excusable. 552 So.2d at 914. However, the court omitted any reference to justifiable or excusable homicide in the definition of manslaughter. Id. at 915. Rejecting the district court's conclusion that the failure to give a contemporaneous definition of justifiable and excusable homicide as part of the manslaughter instruction was harmless error, the Supreme Court of Florida held that the error was "fatal," and it quashed the district court's opinion. Id. at 915-16. In Lucas, 645 So.2d at 427, the Supreme Court of Florida cited Rojas and Miller, 573 So.2d at 337, for the principle that "failure to give a complete instruction on manslaughter during the original jury charge is fundamental error which is not subject to harmless-error analysis where the defendant has been convicted of either manslaughter or a greater offense not more than one step removed, such as second-degree murder." "The absence of an objection does not waive any error occasioned by the failure to read the instruction." Blandon v. State, 657 So.2d 1198, 1199 (Fla. 5th DCA 1995). The Fifth District Court justified this rule as follows:
Jurors need to know what constitutes a criminal act so that they may differentiate between a criminal and noncriminal act. The instruction must be read even if there is no basis in fact for the charge.
Id.
The court in Lucas acknowledged an exception to this rule "where defense counsel affirmatively agreed to or requested the incomplete instruction." 645 So.2d at 427, citing Armstrong v. State, 579 So.2d 734, 735 & n. 1 (Fla.1991) (holding that defense counsel waived future objection by defendant to trial court's failure to give full, complete initial jury instruction on justifiable and excusable homicide as part of manslaughter instruction where, for tactical reasons, counsel specifically requested abbreviated instruction, which otherwise would have constituted fundamental error); see also Philippe v. State, 795 So.2d 173 (Fla. 3d DCA 2001). The State contends that the Armstrong exception applies here, where defense counsel informed the court that the prosecution and the defense had reviewed the proposed (incomplete) instructions and agreed to them. We must decide whether, in so stating, defense counsel's agreement excepted Appellant's case from the general rule of Rojas and Lucas, thereby waiving the issue for direct appeal.
The Fifth District Court reversed and remanded for a new trial on very similar facts in Ortiz, 682 So.2d at 217. Ortiz was charged with attempted robbery with a firearm and attempted first-degree murder with a firearm. Id. He was convicted as charged on the attempted robbery count and was convicted of the lesser offense of attempted second-degree murder with a firearm on the other count. Id. at 217-18. The jury was not instructed on justifiable homicide. After the charge conference, defense counsel told the court: "Judge, we have looked over [the charges], and we don't have any objection to any of the instructions." Id. at 218 (brackets in original). *973 Relying on Armstrong, the State asserted that defense counsel's remarks demonstrated an express waiver of the justifiable homicide charges. The district court disagreed, stating:
As we held in Blandon, the mere failure to object to the omission of a justifiable homicide charge in an attempted murder case does not constitute the affirmative waiver discussed in Armstrong. It was the trial court's responsibility to see that the jury was properly instructed and that the definition of justifiable homicide was read.
Id. The court reversed the judgment and sentence for attempted second-degree murder and remanded for a new trial. Id.; see also Roberts, 694 So.2d at 825 (finding that defense counsel's mere acquiescence in jury instructions as given did not constitute affirmative agreement to omission of instructions on attempted manslaughter and definitions of justifiable and excusable homicide); Nelson v. State, 679 So.2d 1249 (Fla. 4th DCA 1996) (reversing conviction of second-degree murder with firearm and remanding for new trial, absent affirmative waiver of right to a complete instruction on excusable and justifiable homicide, where parties' lawyers reviewed proposed jury instructions and submitted instructions to court, judge inquired whether attorneys were in agreement on instructions, prosecutor answered affirmatively, and defense counsel did not respond).
We addressed this issue in Black, 695 So.2d at 459. An indictment charged Black with first-degree murder; his theory of defense was self-defense. Id. at 460. The court instructed Black's jury that first-degree murder includes the lesser offenses of second-degree murder and manslaughter. While instructing on manslaughter, the trial court in Black indicated that "justifiable and excusable homicide" had been previously explained. However, nowhere in the trial record of the jury instructions had the court given an earlier charge on the definition of either justifiable or excusable homicide. Although the court defined "justifiable homicide" relating to the defense of self-defense, it never instructed the jury on the definition of "excusable homicide." After the jury instructions were given, the court asked the attorneys whether they stipulated that the instructions were as discussed in the charge conference, and defense counsel answered, "Yes, sir, they were." Id. The jury found Black guilty of the lesser-included offense of second-degree murder with a weapon. Id. The State in Black argued that defense counsel had affirmatively ratified the jury instruction as given. Id. Reversing the judgment and sentence and remanding for a new trial in Black, we rejected the State's contention on the following ground:
We cannot agree that defense counsel's statement to the court, simply acknowledging that the instructions as given to the jury were as reviewed at the charge conference, constituted an express waiver of, or an affirmative request to limit, the excusable homicide definitional instruction. At best, the record reflects that defense counsel failed to object to the incomplete instruction. Before the exception recognized in Lucas can apply, defense counsel must be aware that an incorrect instruction is being read and must affirmatively agree to, or request, the incomplete instruction. These circumstances do not exist on the instant record.
Id. at 461.
The record does not show that defense counsel was aware of the incomplete instruction and affirmatively agreed to it. Accordingly, the Armstrong exception is inapplicable to these facts. As we did in Black, we find the trial court fundamentally *974 erred in giving the incomplete jury instruction. Appellant's judgment and sentence is REVERSED and REMANDED for a new trial.
BARFIELD, J., concurs with opinion; and LEWIS, J., concurs.
BARFIELD, J., concurs with opinion.
I concur in the decision of the majority because the phrase "as I have previously explained those terms to you" recited by the trial judge leaves uncertain whether trial counsel intended the omission of that part of the instruction.
I think the Supreme Court made it quite clear that circumstances may exist where affirmative waiver occurs without the expressed request by the defense to omit a specific part of an instruction.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).