PER CURIAM.
 

 In this appeal from appellant’s convictions for attempted second-degree murder with a firearm, shooting into an occupied vehicle, and possession of a firearm by a convicted felon, appellant claims that the trial court (1) committed fundamental error in failing to instruct the jury on justifiable and excusable homicide and (2) committed reversible error in denying appellant’s request for an instruction on necessity as a defense to the charge of possession of a firearm by a convicted felon. We affirm.
 

 In claiming that the trial court committed fundamental error in failing to instruct the jury on justifiable and excusable homicide, appellant relies on
 
 State v. Lucas,
 
 645 So.2d 425 (Fla.1994), which held that the failure to give a complete instruction on manslaughter, which in-
 
 *964
 
 eludes an explanation that justifiable and excusable homicide are excluded from the crime, constitutes fundamental error not subject to a harmless error analysis where the defendant has been convicted of manslaughter or a greater offense not more than one step removed, such as second-degree murder. However, our supreme court later clarified that the jury must be instructed on the definitions of justifiable and excusable homicide in homicide trials “where manslaughter appears on the verdict form either as a charged or lesser offense.”
 
 Pena v. State,
 
 901 So.2d 781, 786 (Fla.2005). We conclude that
 
 Lucas
 
 does not apply in this case where manslaughter did not appear on the verdict form because appellant affirmatively waived all instructions on lesser included offenses.
 

 Appellant also claims that the trial court erred in denying his request for an instruction on the defense of necessity as it related to the charge of possession of a firearm by a convicted felon. Although the state concedes error, we believe that the trial court correctly denied the request. By appellant’s own admission, he took possession of the firearm a week before the shooting incident and made no effort to seek assistance from the police two weeks before the shooting incident when the shooting victim made the alleged threats which led appellant to acquire the firearm. Thus, appellant failed to present evidence that he did not have any reasonable, legal alternative to possessing the firearm or that the firearm was made available to him without a preconceived design.
 
 See Marrero v. State,
 
 516 So.2d 1052, 1054-55 n. 3 (Fla. 3d DCA 1987) (recognizing that a “defendant may very well be excused from his assault upon his assailant by reason of duress or self-defense
 
 without
 
 being excused from his possession of the firearm, because he either had other alternatives to the possession of the firearm or possessed it beforehand”).
 

 AFFIRMED.
 

 WEBSTER, WETHERELL, and MARSTILLER, JJ., concur.