WOLF, J.
Appellant seeks review of a judgment and sentence for second-degree murder and home invasion robbery. He raises two issues on appeal. We affirm the first issue without discussion. In his second issue, appellant argues the trial court committed fundamental error in instructing the jury on the lesser-included offense of manslaughter because the instruction required the jury to find appellant intentionally caused the death of the victim, and because it failed to inform the jury that appellant could not be guilty of manslaughter if the Wiling was either justifiable or excusable homicide. We affirm as to the portion of the instruction addressing intent because appellant affirmatively agreed to that portion of the instruction. However, we are constrained to reverse as to the failure to instruct on justifiable or excusable homicide in accordance with this court’s decision in Beckham v. State, 884 So.2d 969 (Fla. 1st DCA 2004), because defense counsel did not affirmatively agree to an instruction that he was aware was incomplete. Therefore, we affirm appellant’s conviction for home invasion robbery, reverse his conviction for second-degree murder, and remand.
However, we also certify two questions of great public importance. Because we believe that a defendant should not receive a new trial based on an unobjected-to erroneous instruction concerning a matter that *488 was not in dispute and could not have reasonably affected the verdict, we certify a question asking the supreme court to readdress its decision in State v. Lucas, 645 So.2d 425 (Fla.1994). We also certify a question asking the court to clarify to what extent counsel must actually be aware that an instruction is erroneous in order to waive fundamental error pursuant to Lucas.

1. Facts

Appellant was charged with first-degree murder and home invasion robbery. The evidence presented at trial demonstrated that the victim’s hands were bound, and he was killed by blunt force trauma to the head and neck. Appellant’s defense was that he was out of town at the time the incident occurred and that someone else perpetrated the killing. The trial court instructed on first-degree murder, as well as the lesser included offenses of second-degree murder and manslaughter. During the charge conference, the trial court and the State expressed concern that the State’s proposed jury instruction for manslaughter erroneously required a finding of intent, and the court offered to strike the intent language. Appellant’s counsel did not respond. Later during the charge conference, the parties referenced what appears to be the 2008 amended version of the standard jury instruction on manslaughter, which required the jury to find the defendant “intentionally caused the death of’ the victim. See In re Standard Jury Instructions in Criminal Cases-Report No. 2007-10, 997 So.2d 403 (Fla.2008). The State suggested using the intent language from the standard jury instruction, and appellant’s counsel responded, “I’m agreeing with [the State], intentionally caused the death under the manslaughter instruction.”
The State then read out loud the agreed-upon instruction to ensure it was correct. It stated in full:
To prove the crime of manslaughter, the State must prove the following two elements beyond a reasonable doubt:
Number One, [the victim] is dead.
Number Two, [appellant] intentionally caused the death of [the victim].
In order to convict of manslaughter by intentional act, it is not necessary for the State to prove that [appellant] had a premeditated intent to cause death, only an intent to commit an act which caused death.
The trial court asked appellant’s counsel if he agreed with the instruction, and he responded that he did. The court then asked, “Not requesting anything else regarding that?” He responded, “No.” Later in the proceedings, the trial court gave appellant’s counsel a printed copy of the instruction that would be read to the jury, and again he stated he had no objection. The trial court instructed the jury on manslaughter as agreed by the parties, without objection. The jury found appellant guilty of the lesser included offense of second-degree murder as well as home invasion robbery.
2. Manslaughter Instruction — Intent
Appellant argues the language in the manslaughter instruction stating that the jury was required to find he “intentionally caused the death” of the victim was error because the offense of manslaughter does not require an intent to kill. Appellant is correct. In State v. Montgomery, the supreme court found the 2006 amended version of the standard jury instruction on manslaughter was error because it required the jury to find the “[defendant intentionally caused the death” of the victim. 39 So.3d 252, 256 (Fla.2010). Further, Montgomery found this error to be fundamental unless manslaughter is two or *489 more degrees removed from the crime for which the defendant is ultimately convicted. Id. at 259. Later in Riesel v. State, this court found the 2008 amended version of the standard jury instruction was also error because it was “not materially different” from the one considered in Montgomery, “even though the instruction later provided that the jury was to find only an intent to commit an act which caused the victim’s death.” 48 So.3d 885, 886 (Fla. 1st DCA 2010).[1]
Here, appellant was convicted of second-degree murder, which is only one step removed from manslaughter. Thus, this error would be fundamental pursuant to Montgomery and Riesel, had counsel not specifically agreed to the instruction. It is well-established that “ ‘where the trial judge has extended counsel an opportunity to cure any error, and counsel fails to take advantage of the opportunity, such error, if any, was invited and will not warrant reversal.’” Ray v. State, 403 So.2d 956, 960 (Fla.1981). “[Fundamental error may be waived where defense counsel requests an erroneous instruction.” Armstrong v. State, 579 So.2d 734, 735 (Fla.1991).
Here, the trial court specifically brought to counsel’s attention the problem of the intent language in the proposed jury instruction and offered to strike that language. However, counsel specifically requested the language from the standard jury instruction that erroneously instructed the jury that manslaughter required an intent to kill. Thereafter, the trial court gave counsel additional opportunities to object, but he stated he agreed with the instruction. Therefore, appellant waived this error.
3. Manslaughter Instruction— Justifiable or Excusable Homicide
Appellant also argues the manslaughter instruction given by the trial court constituted fundamental error because it failed to instruct the jury that he could not be guilty of manslaughter if the killing was either justifiable or excusable homicide. We are constrained to agree because of the supreme court’s holding in Lucas and the decision of this court in Beckham.
In Lucas, the supreme court explained that “because manslaughter is a ‘residual offense, defined by reference to what it is not,’ a complete instruction on manslaughter requires an explanation that justifiable and excusable homicide are excluded from the crime.” 645 So.2d 425, 427 (Fla.1994) (quoting Stockton v. State, 544 So.2d 1006, 1008 (Fla.1989)). Lucas considered a certified question from this court asking if the failure to instruct on justifiable or excusable homicide was fundamental error even where the evidence did not support these defenses. Id. See also Lucas v. State, 630 So.2d 597, 599 (Fla. 1st DCA 1993). The supreme court answered the question in the affirmative, holding the “failure to give a complete instruction on manslaughter during the original jury charge is fundamental error which is not subject to harmless-error analysis where the defendant has been convicted of either manslaughter or a greater offense not more than one step removed, such as second-degree murder.” Lucas, 645 So.2d at 427. Lucas found “[t]he only exception we have recognized is where defense counsel affirmatively agreed to or requested the incomplete instruction.” Id. (citing Armstrong v. State, 579 So.2d 734 (Fla.1991)).
*490 Here, the manslaughter instruction failed to instruct the jury on justifiable or excusable homicide. Therefore, pursuant to Lucas, it was fundamental error. Whether or not appellant waived this error is a closer issue.
The supreme court discussed the waiver of fundamental error in Ray, 403 So.2d 956. In Ray, the defendant argued the trial court committed fundamental error by instructing on a lesser included offense that was not, in fact, a lesser included offense of the crime charged. Id. The charge conference was not transcribed, so the court ordered a reconstruction. Id. at 958. Defense counsel neither admitted nor denied requesting the lesser included offense but stated that upon the court’s announcement that the charge would be read, neither counsel objected to or commented on the charge. Id.
Ray found the “failure to object is a strong indication that, at the time and under the circumstances, the defendant did not regard the alleged fundamental error as harmful or prejudicial.” Id. at 960. Further, as noted above, Ray found “ ‘where the trial judge has extended counsel an opportunity to cure any error, and counsel fails to take advantage of the opportunity, such error, if any, was invited and will not warrant reversal.’” Id. (quoting Sullivan v. State, 303 So.2d 632, 635 (Fla.1974)). Therefore, the court held, “it is not fundamental error ... [if] defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action.” Id. at 961 (emphasis added). Ray agreed with the defendant that because the “record is totally silent as to whether Ray’s counsel requested or depended on the instruction ... no waiver has been shown [in the instant case],” and “[o]n these facts, silence alone is not sufficient to demonstrate waiver.” Id.
Later in Armstrong, 579 So.2d at 735, the supreme court found the failure to instruct on justifiable or excusable homicide was error, but counsel waived that error. Armstrong noted the court found in Ray that “fundamental error may be waived where defense counsel requests an erroneous instruction.” Id. Armstrong found the Ray “analysis applies here. Counsel requested the limited instruction in order to tailor it to the defense that the killing was accidental. By affirmatively requesting the instruction he now challenges, Armstrong has waived any claim of error.” Id. (emphasis added).
Further, in Lucas, the supreme court held it is “fundamental error which is not subject to harmless-error analysis where the defendant has been convicted of either manslaughter or a greater offense not more than one step removed, such as second-degree murder. The only exception we have recognized is where defense counsel affirmatively agreed to or requested the incomplete instruction.” 645 So.2d at 427 (citing Armstrong, 579 So.2d 734) (emphasis added). In Lucas, “the [trial] court failed to explain” that manslaughter excluded justifiable or excusable homicide, and counsel “did not object to the omission.” Id. at 426. Lucas found the error was fundamental and required reversal. Id. at 427.
Thus, Ray, Armstrong, and Lucas found fundamental error is waived where counsel “requested,” “affirmatively agreed to” or “relied on” an erroneous instruction. However, it seems unclear from these opinions whether counsel must specifically request or agree to the erroneous portion of the instruction, or if it is sufficient for counsel to request or agree to the instruction as a whole. Further, it is unclear whether the record must demonstrate that counsel was aware of the error. This *491 court has held that knowledge of the error is necessary to waive fundamental error.
In Black v. State, 695 So.2d 459, 460-61 (Fla. 1st DCA 1997), this court found a Lucas error in failing to instruct on excusable or justifiable homicide was not waived. There was no transcript of the charge conference, but the record reflected that after the instructions were read to the jury, the trial court stated, “ ‘Stipulation, gentlemen, that the instructions as given to the jury were as reviewed in the charge conference?’ Defense counsel answered Tes, sir, they were.’” Id. at 460. The Black court found, “[we] cannot agree that defense counsel’s statement to the court, simply acknowledging that the instructions as given to the jury were as reviewed at the charge conference, constituted an express waiver of, or an affirmative request to limit, the excusable homicide definitional instruction. At best, the record reflects that counsel failed to object to the incomplete instruction.” Id. at 461 (emphasis added). Black concluded, “[bjefore the exception recognized in Lucas can apply, defense counsel must be aware that an incorrect instruction is being read and must affirmatively agree to, or request, the incomplete instruction.” Id. (emphasis added).
Similarly in Beckham v. State, 884 So.2d 969, 971 (Fla. 1st DCA 2004), this court again found the failure to instruct on justifiable or excusable homicide was fundamental error, relying on Lucas. In Beck-ham, the court asked counsel to “go through [the jury instructions] and make sure that they are as you have agreed.” Id. Later the same day, the prosecutor stated he had provided a copy to defense counsel, who stated that he was ready to proceed. Defense counsel did not object. Id. Beckham concluded “[t]he record does not show that defense counsel was aware of the incomplete instruction and affirmatively agreed to it. Accordingly, the Armstrong exception is inapplicable to these facts.” Id. at 973. (emphasis added).
In two recent cases, however, this court has not required the knowledge component. In Calloway v. State, 37 So.3d 891, 892 (Fla. 1st DCA 2010), the defendant raised a similar argument to the one raised in Ray that the jury was instructed on an uncharged offense, which constituted fundamental error. At the outset of the opinion, the Calloway court affirmed the defendant’s conviction finding “the trial court properly instructed the jury.” Id. Further, Calloway found there were “at least five flaws in the defendant’s logic which we have set out below. In the first section, we explain that [the court did not instruct on an uncharged offense].... In the last four sections, we explain why we would affirm the defendant’s conviction even if he were correct in arguing” the jury instruction was error. Id. at 893.
In the last section, this court found any error was waived because “the trial court read a standard jury instruction the defendant expressly agreed to on two separate occasions.... Here, the defendant did not object.... In fact, at both the charge conference and immediately after the instructions were read to the jury, the defendant specifically agreed to the instructions and stated he had no objections to them as proposed and as read.” Id. at 896-97 (emphasis added). Relying on Ray, Calloway found that “where a trial court has extended counsel an opportunity to cure an error, and counsel fails to take advantage of such an opportunity, the error is considered acquiesced to and does not warrant reversal.” Id. (citing Ray, 403 So.2d 956 at 960). This court further explained that “[t]o reverse under these facts would guarantee a defendant a new trial anytime there was any error in an instruction. The consequence of such a rule would essential *492 ly obligate a defense attorney to stand mute and, if necessary, agree to an erroneous instruction where, as here, the allegedly faulty instruction does not involve an issue in dispute.” Id. at 897. Calloway held, “under such precedent, an attorney who brings a faulty jury instruction to the court’s attention or refuses to agree to an instruction that misstates the law would sacrifice his client’s opportunity for a second trial and would risk being found incompetent as a consequence.” Id.
Thus, it seems Calloway found waiver without any indication that counsel was aware the instruction contained the alleged error that was raised on appeal. However, Calloway is distinguishable from the case at hand. Calloway found the jury instruction was not fundamental error. Further, Calloway found the allegedly erroneous instruction did “not involve an issue in dispute.” Id. at 897. In contrast here, we are constrained by Lucas to find that the failure to instruct on justifiable or excusable homicide is not subject to a harmless-error analysis, even where there was no dispute as to that issue. Lucas, 645 So.2d at 427.
Most recently in Joyner v. State, 41 So.3d 306 (Fla. 1st DCA 2010), this court relied on Calloway to find a Montgomery error was waived. The defendant argued the trial court’s use of the standard jury instruction on manslaughter was fundamental error pursuant to Montgomery, 39 So.3d 252, because it erroneously required a finding of intent to kill. Joyner found “[t]his case is distinguishable from State v. Montgomery because Joyner was convicted [of second-degree murder] as charged, rather than for one of the lesser included offenses.” Id. at 306. “In addition,” Joyner found the “instructions given in this case included an instruction on manslaughter by culpable negligence,” which rendered the Montgomery error not fundamental. Id. at 306-07.
“Finally,” Joyner found the case was distinguishable from Montgomery because “the defense not only failed to object to the standard jury instruction on manslaughter, he specifically agreed to that instruction at the charging conference and incorporated that instruction into his closing argument to the jury.” Id. (emphasis added). Here, however, there was no indication that counsel relied on the erroneous instruction. Therefore, Calloway and Joyner are distinguishable, and we are bound by Black and Beckham.
In this case, appellant “affirmatively agreed” to the manslaughter instruction here, which was incomplete. As discussed above, counsel and the court discussed the contents of the manslaughter instruction at length, and appellant repeatedly stated he agreed with the version that was read to the jury. Further, in deciding which version to read to the jury, he reviewed and relied on the standard jury instruction, which includes an instruction on'justifiable and excusable homicide. See In re Standard Jury Instructions in Criminal Cases-Report No. 2007-10, 997 So.2d 403. However, he repeatedly agreed to use the version that was read to the jury, which lacked the instruction on justifiable or excusable homicide. The court even specifically asked appellant’s counsel if he was “requesting anything else regarding that” instruction, and he responded that he was not. As such, he “affirmatively agreed” to the instruction.
However, there was no discussion below as to whether the manslaughter instruction should inform the jury on justifiable or excusable homicide, nor was there any indication that counsel was alerted to the fact the instruction was incomplete, which distinguishes this issue from the error in the intent language discussed *493 above. Thus, while it is clear counsel affirmatively agreed to the manslaughter instruction as read to the jury, he did not specifically and affirmatively agree to exclude the required instruction on justifiable or excusable homicide. Instead, he failed to object to that error. Merely failing to object cannot waive fundamental error. “Any discussion of fundamental error presupposes a failure to lodge a contemporaneous objection.” Paul v. State, 63 So.3d 828, 829 (Fla. 5th DCA 2011). As such, we find appellant did not waive the fundamental error of the failure to instruct the jury that it could not find him guilty of manslaughter if the killing was justifiable or excusable homicide. However, because it is unclear to what extent Lucas requires counsel to affirmatively agree to an erroneous instruction, and whether the record must reflect counsel knew the instruction was erroneous in order to waive fundamental error, we certify a question as one of great public importance as to this issue.
Because we find this error was not waived, we are required to reverse pursuant to Lucas, which held the “failure to give a complete instruction on manslaughter during the original jury charge is fundamental error which is not subject to harmless-error analysis where the defendant has been convicted of ... a greater offense not more than one step removed” from manslaughter. 645 So.2d at 427. However, if we were not constrained by Lucas, we would find the error was not fundamental because there was no dispute in the trial as to whether the killing was justifiable or excusable homicide.
Lucas seems to be at odds with the well-established rule that “for jury instructions to constitute fundamental error, the error must ‘reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.’” Garzon v. State, 980 So.2d 1038, 1042 (Fla.2008) (quoting State v. Delva, 575 So.2d 643, 645 (Fla.1991)). “Further, ‘fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict. Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error. ...’ ” Id.
Here, the record reflects there was no dispute as to whether the killing was justifiable or excusable homicide. Appellant’s theory of defense was identity. Therefore, that omission from the jury instruction was not pertinent or material to what the jury needed to consider in order to convict, and it cannot be said that the guilty verdict could not have been obtained without the omission. Further, because there was no dispute regarding justifiable or excusable homicide, to reverse in this case does not serve the ends of justice. Instead it wastes valuable time and resources due to an error that could not have possibly affected the jury’s verdict. For these reasons, we ask the supreme court to reconsider its decision in Lucas and certify a question of great public importance.
We, therefore, certify the following two questions:
IN ORDER FOR COUNSEL TO WAIVE AN ERROR IN A JURY INSTRUCTION THAT WOULD OTHERWISE BE FUNDAMENTAL, IS IT ONLY NECESSARY THAT COUNSEL AFFIRMATIVELY AGREE TO THE INSTRUCTION, OR IS IT ALSO NECESSARY FOR COUNSEL TO AFFIRMATIVELY AGREE TO THE PORTION OF THE INSTRUCTION THAT IS ERROR AND/OR TO BE AWARE THAT THE INSTRUCTION IS ERRONEOUS?
WHEN A DEFENDANT IS CONVICTED OF EITHER MANSLAUGH *494 TER OR A GREATER OFFENSE NOT MORE THAN ONE STEP REMOVED, DOES THE FAILURE TO INSTRUCT THE JURY ON JUSTIFIABLE OR EXCUSABLE HOMICIDE CONSTITUTE FUNDAMENTAL ERROR NOT SUBJECT TO A HARMLESS ERROR ANALYSIS EVEN WHERE THE RECORD REFLECTS THERE WAS NO DISPUTE AS TO THIS ISSUE AND THERE WAS NO EVIDENCE PRESENTED FROM WHICH THE JURY COULD FIND JUSTIFIABLE OR EXCUSABLE HOMICIDE?
For the reasons discussed above, we affirm the conviction for home invasion robbery, reverse the conviction for second-degree murder, and remand.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.
SWANSON, J., concurs; BENTON, C.J., concurs in part and dissents in part with opinion.

. We note the Second District certified conflict with Riesel, 48 So.3d 885, and the supreme court has granted review. Daniels v. State 72 So.3d 227 (Fla. 2d DCA 2011), rev. granted 79 So.3d 744 (Fla.2012).