IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

FREDRICK LEE WADE,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D12-4310

Opinion filed February 3, 2015.

An appeal from the Circuit Court for Duval County.
Tyrie W. Boyer, Judge.

William Mallory Kent, Jacksonville, for Appellant.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant
Attorney General, Tallahassee, for Appellee.

RAY, J.

     Fredrick Lee Wade challenges his conviction for second-degree murder. The
jury could have reasonably viewed the evidence as establishing second-degree
murder, manslaughter by act, or manslaughter by culpable negligence. Although

the court instructed the jury on manslaughter by act as a lesser included offense of the charged offense, the jury was not given the opportunity to consider manslaughter by culpable negligence. Under the facts of this case, the omission of instructions on manslaughter by culpable negligence constituted fundamental error. See Jenkins v. State, 107 So. 3d 560 (Fla. 1st DCA 2013) (finding fundamental error in the omission of an instruction on manslaughter by act while instructing on manslaughter by culpable negligence); Reed v. State, 531 So. 2d 358, 360 (Fla. 5th DCA 1988) (opining, in the context of preserved error, that "unless the evidence clearly supports only a voluntary act or procurement, the instruction on and definition of culpable negligence should be given when defining manslaughter for the jury").

We reject the State's argument that Wade affirmatively waived the right to an instruction on the applicable manslaughter theories by unsuccessfully requesting that the jury not be given the opportunity to consider lesser included offenses at all. Wade made this request, but the court instead accepted the State's demand to have the jury instructed on manslaughter as a lesser included offense. The instruction the State proposed omitted the culpable-negligence theory. The defense reviewed the instruction and agreed to it with the understanding that its general objection to instructions on any lesser included offenses had been overruled.

In Moore v. State, 114 So. 3d 486, 489 (Fla. 1st DCA 2013), this Court found fundamental error in the omission of instructions on justifiable and excusable homicide as part of the definition of manslaughter as a lesser included offense of second-degree murder. Before deciding to reverse, the Moore Court considered whether affirmative waiver occurred. 114 So. 3d at 491-90. The defendant in Moore did not indicate any realization that the instructions on excusable and justifiable homicide were omitted, but he did generally agree to the instructions. Id. at 492-93. This Court explained, "[W]hile it is clear counsel affirmatively agreed to the manslaughter instruction as read to the jury, he did not specifically and affirmatively agree to exclude the required instruction on justifiable or excusable homicide." Id. at 493. According to Moore, affirmative agreement to an instruction as a whole, without more, is not affirmative waiver of omissions in that instruction. See id at 492-93.

This case is like Moore on the waiver question. Wade did not request that some lesser included instructions be read and others not; therefore, he did not receive what he affirmatively requested. Once his blanket request was denied, he was in the posture of any other defendant faced with the task of considering the correctness of the instructions proposed by the State. After expressing a preference not to have instructions on any lesser included offenses and indicating that he was not requesting an instruction on manslaughter, Wade acknowledged the general

3

manslaughter instruction the State presented and failed to lodge any specific objection to it. Under <u>Moore</u>, these circumstances indicate a mere failure to object, not an affirmative waiver. <u>See also</u> <u>Bradshaw v. State</u>, 61 So. 3d 1266, 1266 (Fla. 3d DCA 2011). Therefore, the record does not establish an exception to the fundamental error doctrine through Wade's arguments to the trial court.

For the foregoing reasons, we reverse and remand for a new trial.

REVERSED and REMANDED.

LEWIS, CJ., and BENTON, J., CONCUR.