WOLF, J.
Appellant challenges his convictions for two counts of attempted second-degree murder, attempted robbery, and carrying a concealed firearm. He raises two issues on appeal. The first issue is whether the jury instruction on manslaughter given by the trial court constituted fundamental error because it failed to instruct on justifiable or excusable homicide. The second issue is whether fundamental error occurred because the evidence was wholly insufficient to prove carrying a concealed firearm. As to the first issue, we are reluctantly required to reverse the attempted second-degree murder convictions based on State v. Lucas, 645 So.2d 425 (Fla.1994). We, however, certify a question of great public importance as to this issue. As to the second issue, we affirm because appellant’s statements to police, coupled with the testimony of the victims, were sufficient evidence to uphold the conviction for carrying a concealed firearm.

Facts

Appellant’s convictions arose out of an attempted robbery during a drug transaction. The crimes occurred outside of a home. At the time of the incident, the male and female victims were seated in a vehicle. They were approached by appellant and another man who attempted to rob them at gunpoint. Appellant later gave a statement to police admitting that he was the man who walked up to the *13 passenger side of the vehicle, pulled out a gun from his waistband, and demanded the drugs. As the victims drove away, appellant and the second man shot at their vehicle multiple times.
I. Jury Instruction
Appellant argues his convictions for second-degree murder are fundamental error because when giving the jury instruction for the lesser-included offense of attempted manslaughter, the court failed to instruct that appellant could not be guilty of attempted manslaughter if the attempted killings were either justifiable or excusable homicide. Counsel failed to request this instruction or to object to the jury instructions as given. However, in Moore v. State, 114 So.3d 486, 493 (Fla. 1st DCA 2013), review granted, 168 So.3d 229 (Fla. 2014), this court found that Lucas, 645 So.2d 425, held this error was fundamental if the defendant was convicted of either manslaughter or an offense one step removed from manslaughter, even where “there was no dispute as to whether the killing was justifiable or excusable homicide. [Moore’s] theory of defense was identity.” However, this court believed that Lucas was in contradiction to the well-established rule that “ ‘fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict. Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental errorId. (quoting Garzon v. State, 980 So.2d 1038, 1042 (Fla.2008)). Thus, the Moore court certified a question of great public importance asking if the failure to instruct on justifiable or excusable homicide is fundamental error “even where the record reflects there was no dispute as to this issue and there was no evidence presented from which the jury could find justifiable or excusable homicide.” Id. at 494.
The same situation occurs in this case. There is nothing in this record that indicates justifiable or excusable homicide. We, therefore, certify the same question as certified in Moore as one of great public importance. Because appellant’s attempted second-degree murder convictions are only one step removed from attempted manslaughter, we are constrained to find that the error in failing to instruct on justifiable or excusable homicide was fundamental error. Thus, we reverse those convictions and remand for a new trial on the attempted second-degree murder counts.
II. Carrying a Concealed Firearm
Appellant argues his conviction for carrying a concealed firearm is fundamental error because there was no evidence whatsoever from which the jury could have found the concealment element of the offense. A “concealed firearm” is defined as “any firearm ... which is carried on or about a person in such a manner as to conceal the firearm from the ordinary sight of another person.” § 790.001(2), Fla. Stat. (2012).
In his statement to police, appellant said he walked up to the passenger side of the car with the gun “on my waist” or “in” his “waist.” He concedes this statement indicates that he carried the gun in his waistband. However, he argues he did not specify whether the gun was concealed under his shirt or otherwise obscured from view. He argues courts have held that a firearm that is visibly sticking out from a waistband or pocket is not concealed. See, e,g., Powell v. State, 369 So.2d 108, 109 (Fla. 1st DCA 1979). He further argues that neither eyewitness testified that he carried a concealed firearm. Thus, he argues there was no evidence whatsoever from which the jury could have found the element of concealment.
*14 Appellant did not properly preserve this issue for appeal. “The state’s failure to prove all elements of a charged offense does not constitute ‘fundamental ei-ror’ which may be raised for the first time on appeal.” Sanders v. State, 765 So.2d 778 (Fla. 1st DCA 2000). Instead, in order to prove fundamental error, the evidence must be “insufficient to show that a crime was committed at all.” F.B. v. State, 852 So.2d 226, 230 (Fla.2003). Stated differently, “ ‘a conviction imposed upon a crime totally unsupported by evidence constitutes fundamental error.’ ” Id. (quoting Troedel v. State, 462 So.2d 392, 399 (Fla.1984)). If the evidence at least “suggests” and “indicates” the essential elements of a crime were committed, there is no fundamental error. Young v. State, 141 So.3d 161, 165 (Fla.2013).
Here, the evidence suggests that appellant concealed the firearm. Appellant is correct that neither witness testified he was the gunman on the passenger side. However, appellant confessed to being the gunman on the passenger side, and the eyewitness’ testimony suggests that the passenger-side gunman had his firearm concealed. The male victim testified he watched the gunman come down the stairs, and he did not see a weapon on that person “at first,” but “as he approached ... I was looking to see if he pulled out money or anything, and then I realized he pulled out the gun and cocked it back.” This testimony suggests that the gun was concealed at first. The female victim similarly testified that the passenger-side gunman “pulled out the gun,” which suggests that it was pulled out from a concealed place, rather than being openly displayed.
The female witness believed appellant was the man standing on the driver’s side of the car. She never testified that she saw appellant with a gun. Appellant’s testimony and the forensic evidence, however, indicate that shots were fired by two shooters, appellant and the co-defendant. The fact that the female victim did not see a gun on appellant suggests that he had his gun concealed. Thus, appellant’s argument that there was “no evidence whatsoever” from which a jury could have found the gun was concealed is without merit. In fact, it appears there may have been sufficient evidence to sustain a conviction if the issue had properly been preserved. We, therefore, affirm as to this issue.
REVERSED IN PART, AFFIRMED IN PART, QUESTION CERTIFIED.
WETHERELL and MARSTILLER, JJ., concur.