606 So.2d 1204 (1992)
Robert CRAWFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 91-01692.
District Court of Appeal of Florida, Second District.
September 18, 1992.
Rehearing Denied November 4, 1992.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert Crawford, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Defendant, who had been charged with attempted first-degree murder and attempted armed robbery, appeals his convictions for attempted second-degree murder and aggravated assault. The state cross-appeals the trial court's directed verdict of acquittal of attempted armed robbery and *1205 adjudication of guilt of the lesser offense of aggravated assault. We affirm the defendant's conviction for attempted second-degree murder and reverse his conviction for aggravated assault.
As to the attempted second-degree murder conviction, we do not agree with defendant's contention on appeal that the trial court's failure to instruct the jury on attempted manslaughter was fundamental error. Defendant's failure to request that instruction and object to the trial court's omission thereof procedurally bars review. See McKinney v. State, 579 So.2d 80, 83-84 (Fla. 1991); Lee v. State, 526 So.2d 777, 778 (Fla. 2d DCA 1988).
In a similar case where the defendant was charged with first-degree murder and convicted of second-degree murder, whether or not there should have been given to the jury as a part of the manslaughter instruction the short form excusable homicide instruction, which was subject to a potentially erroneous interpretation, was said to be "properly ... within the province and responsibility of defense counsel as a matter of trial tactics and strategy." State v. Smith, 573 So.2d 306, 310 (Fla. 1990) (quoting Smith v. State, 539 So.2d 514, 517 (Fla. 2d DCA 1989)).
As to the aggravated assault conviction, the trial court erred in granting the defendant's motion for judgment of acquittal of attempted armed robbery and directing a conviction of aggravated assault. See Thomas v. State, 584 So.2d 1022 (Fla. 1st DCA 1991).
The attempted second-degree murder conviction is affirmed. On remand, the jury verdict on attempted armed robbery shall be reinstated and a conviction entered in that regard.
LEHAN, C.J., and THREADGILL and BLUE, JJ., concur.