736 So.2d 803 (1999)
Todd VAN LOAN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-02718.
District Court of Appeal of Florida, Second District.
July 21, 1999.
*804 Julie L. Milham, St. Pete Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Stephen D. Ake, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Todd Van Loan ("Van Loan") appeals his judgment and sentence for attempted second-degree murder. Among his other contentions, Van Loan argues that the trial court committed fundamental error by omitting from the jury instructions the definitions of excusable and justifiable homicide. We agree and reverse.
On August 5, 1997, the State filed an information charging Van Loan with the attempted first-degree murder of his wife, Starr Van Loan. The arrest affidavit alleges that Van Loan attempted to strangle his wife with an electrical cord, and beat her about the face, in the early morning hours of July 24, 1997. The case went to trial on April 17, 1998.
At the charge conference, the trial judge asked Van Loan's trial counsel for her input on the jury instructions. She asked for the standard jury instructions on attempted second-degree murder, aggravated battery, simple battery, and the defense of voluntary intoxication. She did not request instructions on attempted voluntary manslaughter, excusable homicide, or justifiable homicide. The trial judge read the requested lesser-included offense instructions and an instruction on self-defense. The trial judge also read an erroneous instruction that voluntary intoxication was a defense only to attempted first-degree murder, implying that the defense did not apply to the charges of aggravated battery or simple battery. Because we find error in the failure to give the definitions for excusable and justifiable homicide, we need not address any other issues raised by Van Loan.
A trial court must read the definitions of excusable and justifiable homicide in all murder and manslaughter cases. See Blandon v. State, 657 So.2d 1198, 1199 (Fla. 5th DCA 1995) (citing State v. Smith, 573 So.2d 306, 309-310 (Fla.1990)). A failure to give these instructions constitutes fundamental error. By omitting the definitions, the trial court fails to advise the jury as to what constitutes lawful acts versus unlawful acts. See Blandon, 657 So.2d at 1199.
We note that an exception to this fundamental error rule arises when defense counsel affirmatively agrees to the omission or the alteration of a jury instruction. See Roberts v. State, 694 So.2d 825, 826 (Fla. 2d DCA 1997) (citing Armstrong v. State, 579 So.2d 734, 735 (Fla.1991)). Before this exception applies, defense counsel must be aware of the omission, alteration, or incomplete instruction and affirmatively agree to it. Cf. Black v. State, 695 So.2d 459, 461 (Fla. 1st DCA 1997). In the instant case, there is no indication that Van Loan's trial counsel knew that the omission was error and agreed to the omission. The trial court shoulders the responsibility to properly instruct the jury on the definitions of excusable and justifiable homicide. See Blandon, 657 So.2d at 1199-1200.
The States argues that Crawford v. State, 606 So.2d 1204 (Fla. 2d DCA 1992), controls this case. We disagree. In Crawford, the State charged the defendant with attempted first-degree murder. See id. at 1204. The jury convicted him of attempted second-degree murder. See id. at 1204. On appeal, Crawford argued that the trial court committed fundamental error by failing to instruct the jury on the lesser charge of attempted manslaughter. See id. at 1205. This court ruled that the *805 trial court's failure to instruct a jury on lesser-included offenses to a noncapital offense is not fundamental error. See id. at 1205; McKinney v. State, 579 So.2d 80, 83-84 (Fla.1991); Manka v. State, 720 So.2d 1109, 1110 (Fla. 4th DCA 1998). Thus, Crawford is factually distinguishable from the instant case, because here the error is a failure to instruct on the definitions of excusable and justifiable homicide, and not a failure to instruct on lesser-included offenses.
We reverse Van Loan's judgment and sentence, and remand to the trial court for a new trial. On remand, the highest attempted murder charge for which the State may retry Van Loan is attempted second-degree murder. See Holmes v. State, 642 So.2d 1387, 1388 (Fla. 2d DCA 1994) (citing Marshall v. State, 529 So.2d 797, 797 n. 1 (Fla. 3d DCA 1988)).
REVERSED AND REMANDED.
WHATLEY, A.C.J., NORTHCUTT and DAVIS, JJ., Concur.