PER CURIAM.
This proceeding began as an Anders[1] appeal. Burgess’ appellate counsel appealed his conviction for attempted second degree murder with a firearm,[2] raising solely the point that the trial court erred in denying his motion for judgment of acquittal. Burgess filed a pro se brief in which he claimed the trial court committed fundamental error (among other things) by failing to instruct the jury on justifiable and excusable homicide. This court requested additional briefings from appellant’s counsel and the attorney general.
Upon a review of the record, both conclude that fundamental error occurred in this case. See Armstrong v. State, 579 So.2d 734 (Fla.1991); Richardson v. State, 818 So.2d 679 (Fla. 3d DCA 2002); Smith v. State, 773 So.2d 1278 (Fla. 5th DCA 2000). As the attorney general points out in the state’s brief, citing Van Loan v. State, 736 So.2d 803, 804 (Fla. 2d DCA 1999), a trial court must read the definitions of excusable and justifiable homicide in all murder and manslaughter cases.
A failure to give these instructions constitutes fundamental error. By omitting the definitions, the trial court fails to advise the jury as to what constitutes lawful acts versus unlawful acts.
Van Loan, 736 So.2d at 804.
The only exception to this requirement is in a case where it can be demonstrated that defense counsel “affirmatively” waived charging the jury on justifiable and excusable homicide. But mere failure to object to the jury charge which omits those charges is not sufficient to constitute an affirmative waiver. See Fletcher v. State, 828 So.2d 460 (Fla. 5th DCA 2002).
The state concedes there is no basis in the record to find an affirmative waiver and the error is not harmless. Accordingly, we reverse and remand for a new trial. See Rojas v. State, 552 So.2d 914 (Fla.1989).
REVERSED and REMANDED.
COBB, SHARP, W., and GRIFFIN, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. Sections 782.04, 777.04, Florida Statutes (2000).