834 So.2d 965 (2003)
Philip PIGNATARO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3072.
District Court of Appeal of Florida, Second District.
January 24, 2003.
*966 James Marion Moorman, Public Defender, Bartow, and Donna S. Koch, Assistant Public Defender, Bartow, for Appellant.
Charlie Crist, Attorney General, Tallahassee, and Anne S. Weiner, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Philip Pignataro challenges his conviction for attempted second-degree murder. We reverse because the trial court committed fundamental error by failing to read the jury instructions for justifiable and excusable homicide.
Pignataro was originally charged with attempted first-degree murder for stabbing Robert Clark, his ex-wife's boyfriend. Although he admitted being involved in the altercation, Pignataro argued self-defense.
During the jury instruction conference, Pignataro's counsel specifically requested, at Pignataro's insistence, that the court give only the attempted first-degree murder instruction and give no instructions on lesser included offenses. Pignataro wanted the jury to be faced with an "all or nothing" option. Following a lengthy bench conference, the trial court ruled that it would instruct only on category one lessers (necessarily included lessers), not category two lessers (permissive lessers). There was no discussion regarding the reading of the definitions included in the homicide instruction, and when instructing the jury, the trial court failed to read the definitions on justifiable and excusable homicide. The jury returned a verdict of guilty to attempted second-degree murder.
The court's failure to read the instructions on justifiable and excusable homicide is fundamental, reversible error. Pursuant to Van Loan v. State, 736 So.2d 803, 804 (Fla. 2d DCA 1999), review denied, 791 So.2d 1103 (Fla.2001), the general rule is that failure to read the definitions of excusable and justifiable homicide in all murder and manslaughter cases is fundamental error. See also Damoulakis v. State, 814 So.2d 1204 (Fla. 2d DCA 2002); Philippe v. State, 795 So.2d 173 (Fla. 3d DCA 2001). But see Pena v. State, 829 So.2d 289, 295 (Fla. 2d DCA 2002) (certifying the following question as a matter of great public importance: "Is it fundamental error for a trial court to omit instructions on excusable and justifiable homicide when a defendant is charged and convicted of drug-distribution, first-degree murder under section 782.04(1)(a)(3), Florida Statutes (1999), and the factual circumstances do not support any jury argument relying upon the excusable or justifiable homicide instructions?" (Capitalized in original.)).
Although there is an exception to this rule when defense counsel "affirmatively agrees to the omission or the alteration of a jury instruction, ... counsel must be aware of the omission, alteration, or incomplete instruction and affirmatively agree to it." Van Loan, 736 So.2d at 804. Here, as in Van Loan, the record contains no indication that trial counsel had prior knowledge of the omission and agreed to it. "The trial court shoulders the responsibility to properly instruct the jury on the definitions of excusable and justifiable homicide." Id.
*967 While counsel here affirmatively requested that the court not instruct the jury on lesser included offenses, counsel did not affirmatively request the court not to instruct on what is or is not lawful homicide. Van Loan distinguishes between the court's failure to instruct on lessers and its failure to instruct on excusable and justifiable homicide. Id. at 805. The transcript in the instant case reveals that the issues of excusable and justifiable homicide were not discussed at any time during the jury instruction conference. Although the court did instruct on the justifiable use of deadly and nondeadly force, it did not read the definitions of justifiable and excusable homicide, as it is required to do.
Given the court's failure to properly instruct the jury on this matter of fundamental importance, we reverse. Pignataro's remaining issues are therefore moot, and we decline to address them.
Reversed and remanded for a new trial.
ALTENBERND and NORTHCUTT, JJ., concur.