LABARGA, C.J.
This case is before the Court for review of the decision of the First District Court of Appeal in Spencer v. State, 216 So.3d 1;, 2015 WL 9287020 (Fla. 1st DCA Dec. 22, 2015. In its decision, the district court certified the same question of great public importance that it previously certified in Moore v. State, 114 So.3d 486, 493-94 (Fla. 1st DCA 2013):
WHEN A DEFENDANT IS CONVICTED OF EITHER MANSLAUGHTER OR A GREATER OFFENSE NOT MORE THAN ONE STEP REMOVED, DOES THE FAILURE TO INSTRUCT THE JURY ON JUSTIFIABLE OR EXCUSABLE HOMICIDE CONSTITUTE FUNDAMENTAL ERROR NOT SUBJECT TO A HARMLESS ERROR ANALYSIS EVEN WHERE THE RECORD REFLECTS THERE WAS NO DISPUTE AS TO THIS ISSUE AND THERE WAS NO EVIDENCE PRESENTED FROM WHICH THE JURY COULD FIND JUSTIFIABLE OR EXCUSABLE HOMICIDE?
*483 Spencer, 216 So.3d at 13.[1] We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. Because this was an attempted homicide case, as opposed to Moore, which involved a homicide, we rephrase the certified question as follows:
WHERE THE RECORD REFLECTS THERE WAS NO EVIDENCE PRESENTED FROM WHICH A JURY COULD FIND JUSTIFIABLE OR EXCUSABLE ATTEMPTED HOMICIDE, DOES FUNDAMENTAL ERROR OCCUR WHEN THE TRIAL COURT FAILS TO INSTRUCT ON JUSTIFIABLE OR EXCUSABLE ATTEMPTED HOMICIDE, AND A DEFENDANT IS CONVICTED OF ATTEMPTED MANSLAUGHTER OR A GREATER OFFENSE NOT MORE THAN ONE STEP REMOVED?
For the reasons discussed below, we answer the rephrased certified question in the affirmative and approve the holding of the First District.
FACTS AND PROCEDURAL HISTORY
Damani Spencer was convicted of two counts of attempted second-degree murder, attempted robbery, and carrying a concealed firearm. See Spencer, 216 So.3d at 12. The facts were described by the First District Court of Appeal as follows:
Appellant’s convictions arose out of an attempted robbery during a drug transaction .... At the time of the incident, the ... victims were seated in a vehicle. They were approached by appellant and another man who attempted to rob them at gunpoint. Appellant later gave a statement to police admitting that he was the man who walked up to the passenger side of the vehicle, pulled out a gun from his waistband, and demanded the drugs. As the victims drove away, appellant and the second man shot at their vehicle multiple times.
Id.
The First District affirmed Spencer’s convictions for carrying a concealed firearm and attempted robbery but, similar to Moore, reversed the convictions for attempted second-degree murder because the trial court “failed to instruct that the appellant could not be guilty of attempted manslaughter if the attempted killings were either justifiable or excusable homicide.” Id. Defense counsel neither requested this instruction nor objected to the instructions as given. See id. The First District determined that it was bound by this Court’s decision in State v. Lucas, 645 So.2d 425 (Fla. 1994), which held that the failure to instruct on justifiable or excusable homicide as part of the manslaughter instruction constitutes fundamental error where a defendant is convicted of manslaughter or an offense not more than one step removed, regardless of whether the evidence could support a finding of either. See id. at 13. Concluding that nothing in the record supported justifiable or excusable attempted homicide, the First District certified the same question as in Moore to be of great public importance. See id.
ANALYSIS
The rephrased certified question presents a legal question for whieh the standard of review is de novo. See Haygood v. State, 109 So.3d 735, 739 (Fla. 2013). The trial court below read the stan *484 dard jury instruction on attempted manslaughter by act with the exception of the underlined provisions:
ATTEMPTED MANSLAUGHTER BY ACT
§§ 782.07 and 777.04, Fla. Stat.
To prove the crime of Attempted Manslaughter by Act, the State must prove the following element beyond a reasonable doubt:
(Defendant) intentionally committed an act, which would have resulted in the death of (victim) except that someone prevented (defendant) from killing (victim) or he failed to do so.
However, the defendant cannot be guilty of Attempted Manslaughter by Act by committing a merely negligent act.
Each of us has a duty to act reasonably and use ordinary care toward others. If there is a violation of that duty, without any conscious intention to harm, that violation is negligence.
It is not an attempt to commit manslaughter if the defendant abandoned the attempt to commit the offense or otherwise prevented its commission under circumstances indicating a complete and voluntary renunciation of his criminal purpose.
In order to convict of Attempted Manslaughter by Act it is not necessary for the State to prove that the defendant had an intent to cause death, only an intent to commit an act which would have caused death and was not justifiable or excusable attempted homicide, as I have previously explained those terms.
Fla. Std. Jury Instr. (Crim.) 6.6 (2014). The trial court also did not instruct the jury on justifiable or excusable attempted homicide. Those instructions provide:
JUSTIFIABLE ATTEMPTED HOMICIDE
An attempted homicide is justifiable and lawful if necessarily done while resisting an attempt to murder or commit a felony upon the defendant, or to commit a felony in any dwelling house in which the defendant was at the time of the attempted homicide.
EXCUSABLE ATTEMPTED HOMICIDE
An attempted homicide is excusable and therefore lawful under any one of the three following circumstances:
1. When the attempted homicide is committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution and without any unlawful intent, or
2. When the attempted homicide occurs by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, or
3. When the attempted homicide is committed by accident and misfortune resulting from a sudden combat, if a dangerous weapon is not used and the killing is not done in a cruel and unusual manner.
Fla. Std. Jury Instr. (Crim.) 6.1. As noted by the First District, defense counsel did not object to these omissions.
It is well established that “Qjjury instructions are ‘subject to the contemporaneous objection rule, and absent an objection at trial, can be raised on appeal only if fundamental error occurred.’ ” State v. Weaver, 967 So.2d 586, 588 (Fla. 2007) (quoting Reed v. State, 837 So.2d 366, 370 (Fla. 2002)). Accordingly, Spencer is entitled to relief only if the giving of the incomplete attempted manslaughter by act instruction and the omission of the justifiable and excusable attempted homicide instructions constitute fundamental error:
To justify not imposing the contemporaneous objection rule, “the error must *485 reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” Brown[ v. State], 124 So. 2d [481, 484 (Fla. 1960) ]. In other words, “fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict.” Stewart v. State, 420 So.2d 862, 863 (Fla. 1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1802, 76 L.Ed,2d 366, Stewart v. State, 420 So.2d 862, 863 (Fla. 1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1802, 76 L.Ed.2d 366 (1983).
State v. Delva, 575 So.2d 643, 644-45 (Fla. 1991).
In Lucas, we addressed the same issue presented by the certified question here and held that fundamental error occurs when the trial court fails to explain justifiable and excusable homicide as part of the manslaughter instruction, and the defendant is convicted of manslaughter or an offense not more than one step removed, regardless of whether the evidence could support a finding of either justifiable or excusable homicide. See 645 So.2d at 426-27. The First District in Lucas v. State, 630 So.2d 597 (Fla. 1st DCA 1993), approved, 645 So.2d 425 (Fla. 1994), stated that attempted manslaughter was not at issue because the defendant conceded an attempted second-degree murder had occurred. Id. at 598. The defense at trial was that the defendant was not the perpetrator. Id. In Lucas, we expressly declined to recede from longstanding precedent with regard to justifiable and excusable homicide and “reiterate[d] that the failure to give a complete initial instruction on manslaughter constitutes fundamental reversible error when the defendant is convicted of either manslaughter or a greater offense not more than one step removed.” 645 So.2d at 427.
The mandatory giving of instructions on justifiable and excusable homicide in manslaughter cases arises from the statutory definition of the crime. The manslaughter statute provides, in relevant part:
The killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification according to the provisions of chapter 776 and in cases in which such killing shall not be excusable homicide or murder, according to the provisions of this chapter, is manslaughter, a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 782.07(1), Fla. Stat. (2016) (emphasis added). This Court has stated with regard to an earlier version of the statute:
One notes immediately that it is in the nature of a residual offense. If a homicide is either justifiable or excusable it cannot be manslaughter. Consequently, in any given situation, if an act results in a homicide that is either justifiable or excusable as defined by statute, a not guilty verdict necessarily ensues. The result is that in order to supply a complete definition of manslaughter as a degree of unlawful homicide it is necessary to include also a definition of the exclusions.
Hedges v. State, 172 So.2d 824, 826 (Fla. 1965), receded from on other grounds, We-iand v. State, 732 So.2d 1044 (Fla. 1999); see also Philippe v. State, 795 So.2d 173, 174 (Fla. 3d DCA 2001) (“The usual rule is that failure to give instructions and definitions of excusable and justifiable homicide in a murder or manslaughter case constitutes fundamental error because the trial court fails to advise the jury as to what constitutes lawful acts versus unlawful acts.”).
Despite this requirement, Lucas recognized an exception to the one-step-removed fundamental error analysis—that *486 is, where defense counsel affirmatively agreed to or requested an incomplete instruction. See 645 So.2d at 427 (citing Armstrong v. State, 579 So.2d 734 (Fla. 1991)). The district courts have held that the Lucas/Armstrong exception does not apply where defense counsel merely acquiesced to jury instructions that did not provide a full instruction on justifiable or excusable homicide. See, e.g., Black v. State, 695 So.2d 459, 461 (Fla. 1st DCA 1997) (“Before the exception recognized in Lucas can apply, defense counsel must be aware that an incorrect instruction is being read and must affirmatively agree to, or request, the incomplete instruction. These circumstances do not exist on the instant record.”); Roberts v. State, 694 So.2d 825, 826 (Fla. 2d DCA 1997) (“Since defense counsel did not affirmatively agree to the omission of the instructions, but only acquiesced in the instructions as given, the exception does not apply.”); Ortiz v. State, 682 So.2d 217, 217 (Fla. 5th DCA 1996) (“As we held in Blandon[ v. State, 657 So.2d 1198 (Fla. 5th DCA 1995) ], the mere failure to object to the omission of a justifiable homicide charge in an attempted murder case does not constitute the affirmative waiver discussed in Armstrong. It was the trial court’s responsibility to see that the jury was properly instructed and that the definition of justifiable homicide was read.”).
Having considered the arguments of the parties, we decline to recede from Lucas even where there is nothing in the evidence from which a jury could conclude that a homicide or an attempted homicide was excusable or justified. This is because justifiable and excusable homicide are always in dispute by virtue of the statutory definition of manslaughter. We have previously stated that, “[cjharacterized by what it is not, manslaughter is considered a residual offense.” State v. Montgomery, 39 So.3d 252, 258 (Fla. 2010). Pursuant to section 782.07(1), the absence of justification and excuse is fundamental to the very definition of this crime. Accordingly, we reaffirm our holding in Lucas that the failure to instruct on justifiable or excusable homicide as a part of the instruction on manslaughter constitutes fundamental error where the conviction is for manslaughter or a greater offense not more than one step removed, regardless of whether the evidence could support either.
Despite the continued validity of Lucas, we nonetheless conclude that a second exception to its fundamental error rule is warranted where a defendant expressly concedes that a homicide or an attempted homicide is not justified or excusable. As noted by the State, we have previously determined that the failure to instruct on an undisputed element of an offense is not fundamental error, and there must be an objection to preserve the issue for appeal. See, e.g., Reed, 837 So.2d at 369; Delva, 575 So.2d at 645. We recently addressed whether the element of intent was undisputed such that the giving of an erroneous manslaughter by act jury instruction did not constitute fundamental error where the defendant was convicted of an offense not more than one step removed. See Griffin v. State, 160 So,3d 63 (Fla. 2015).
In Griffin, the defendant was charged with second-degree murder. Id. at 65. The jury received an instruction on manslaughter consistent with that held to be fundamentally erroneous in Montgomery, 39 So.3d 252. 160 So.3d at 66. Although the Second District Court of Appeal concluded that the manslaughter instruction was erroneous, it rejected the defendant’s claim of fundamental error because his sole defense was misidentification. Id. at 66-67. The district court reasoned that because intent was not in dispute, the erroneous instruction on the intent element of the *487 lesser included offense of manslaughter did not constitute fundamental error. Id. at 67.
We quashed the district court’s decision and held that “a sole defense of misidenti-fication does not concede or fail to place in dispute intent or any other element of the crime charged except identity when the offense charged is an unlawful homicide.” Id. We explained:
Certainly, where a defendant expressly concedes one or more elements of a crime, those elements can be characterized as no longer in dispute for purposes of a fundamental error analysis. In the present case, other than the fact that [the victim] was shot, Griffin did not concede any other elements of the crime charged; he simply contested his identity as the perpetrator. The State’s burden still remained to prove that the shooting was done with a depraved mind, but without intent to kill, as set forth in the standard jury instructions. Thus, we conclude that intent remained a matter that was pertinent or material to what the jury must consider in order to convict Griffin of the crime charged or a lesser included offense, notwithstanding his claim of misidentification.
Id. at 69 (citations omitted). Justifiable and excusable homicide were expressly referenced as part of our analysis:
In this ease, once the jury determined that the homicide was not justifiable or excusable, the intent underlying the unlawful homicide was pertinent or material to what the jury had to consider in order to convict Griffin of second-degree murder or the lesser offense of manslaughter by intentional act. Griffin’s claim of misidentification did not concede the element of intent as to the shooting, and he was entitled to an accurate instruction as to manslaughter, which he did not receive.
Id. (emphasis added). Regardless of whether justifiable or excusable homicide are “elements” of the crime of manslaughter, based upon our reiteration in Griffin of the principle that a defendant may concede an element of a crime such that it is no longer in dispute for purposes of a fundamental error analysis, we conclude that an exception to Lucas should be recognized where a defendant expressly concedes that a homicide or an attempted homicide was neither justified nor excusable.
Here, the State played a video during trial in which Spencer stated that he and a codefendant attempted to rob the victims during a drug transaction. Spencer also admitted that he started shooting as the victims sped away in a vehicle. During closing statements, counsel admitted that a crime was committed, but asserted that the evidence “doesn’t point to who committed it.” Counsel contended that the State had not met its burden of proving beyond a reasonable doubt that Spencer was one of the individuals who shot at the victims. Instead, counsel during trial implied that Spencer’s recorded statement was a product of his desire to gain “street credibility,” described as “when someone gives you a false confession because they want you to act like they’re bigger and badder, so to speak than they are on the street.”
As previously discussed, the justifiable and excusable attempted homicide instructions were not read to the jury, and counsel did not object to these omissions. Because Spencer did not affirmatively agree to or request the incomplete instruction on attempted manslaughter or the omission of the justifiable or excusable attempted homicide instructions, we conclude that the fundamental error exception in Lucas and Armstrong does not apply.
Further, Spencer did not expressly concede that the attempted homicides were neither justified nor excusable. During *488 closing statements, the presence or absence of excusable or justifiable attempted homicide was not mentioned by defense counsel. Instead, he contended that the State had failed to sustain its burden of proof. Therefore, the exception to Lucas we recognize today is not applicable, and fundamental error occurred during Spencer’s trial. As in Griffin, Spencer “was entitled to an accurate instruction as to manslaughter, which he did not receive.” 160 So.3d at 69.
CONCLUSION
In light of the foregoing, we answer the rephrased certified question in the affirmative, but reiterate that the Lucas/Armstrong exception to the fundamental error rule continues to apply in situations where defense counsel affirmatively agreed to or requested an incomplete instruction. Further, we recede in part from Lucas to allow a second exception to the fundamental error rule where the defendant expressly conceded that the homicide or attempted homicide was not justified or excusable. However, because neither of these circumstances is applicable to Spencer, we approve the decision of the First District Court of Appeal reversing Spencer’s convictions for attempted second-degree murder and remanding for a new trial on these counts.[2]
It is so ordered.
PARIENTE, LEWIS, and QUINCE, JJ., concur.
CANADY, J., dissents with an opinion, in which POLSTON and LAWSON, JJ„ concur.

. We previously granted review of Moore, but ultimately discharged jurisdiction. See State v. Moore, 181 So.3d 1186, 1187 (Fla. 2016).

. Because convictions are being reversed on the basis of fundamental error due to the giving of incomplete jury instructions, we refer to the Supreme Court Committee on Standard Jury Instructions in Criminal Cases the matter of whether the standard jury instructions should be clarified in light of this decision.