NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


DONTA DWAYNE SAMS,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellant,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀Case No. 2D16-2117
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
STATE OF FLORIDA,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellee.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

Opinion filed April 12, 2019.

Appeal from the Circuit Court for Polk
County; Reinaldo Ojeda, Judge.

Howard L. Dimmig, II, Public Defender, and
Cynthia J. Dodge, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Cerese Crawford
Taylor, Assistant Attorney General, Tampa,
for Appellee.


KELLY, Judge.

⠀⠀⠀⠀⠀Donta Sams was tried before a jury on two charges of attempted first-

degree murder, two counts of child abuse, and one count of shooting into a building.

The jury found him guilty of attempted second-degree murder, child abuse, and

shooting into a building. He appeals from the judgment and sentences entered

pursuant to the jury's verdict. While Sams raises several issues on appeal, we need not address each one because we conclude his challenge to the jury instructions is dispositive and requires that we reverse.

Sams argues the trial court committed fundamental error because the jury instruction for attempted manslaughter did not exclude justifiable and excusable homicide from the definition of attempted manslaughter. He also argues it was fundamental error to omit the introduction to the homicide instruction that defines justifiable and excusable homicide. Both of these omissions have been held to be fundamental error and not subject to a harmless error analysis where the defendant is convicted of manslaughter (or attempted manslaughter) or a greater offense not more than one step removed. See State v. Spencer, 216 So. 3d 481, 486 (Fla. 2017) (declining to recede from State v. Lucas, 645 So. 2d 425 (Fla. 1994), "even where there is nothing in the evidence from which a jury could conclude that a homicide or an attempted homicide was excusable or justified"); Lucas, 645 So. 2d at 427 (recognizing that "a complete instruction on manslaughter requires an explanation that justifiable and excusable homicide are excluded from the crime" and that failure to give the complete instruction is fundamental error which is not subject to a harmless error analysis where the defendant has been convicted of manslaughter or a greater offense not more than one step removed); Armstrong v. State, 579 So. 2d 734, 735 (Fla. 1991) ("Failure to instruct on justifiable or excusable homicide as it relates to the definition of manslaughter is reversible error."); Hedges v. State, 172 So. 2d 824, 826 (Fla. 1965) ("[I]n order to supply a complete definition of manslaughter as a degree of unlawful homicide it is necessary to include also a definition of the exclusions."), receded from on

other grounds by Weiand v. State, 732 So. 2d 1044 (Fla. 1999); Van Loan v. State, 736 So. 2d 803, 804 (Fla. 2d DCA 1999) ("A trial court must read the definitions of excusable and justifiable homicide in all murder and manslaughter cases. A failure to give these instructions constitutes fundamental error." (citation omitted)).

The supreme court has, however, articulated some exceptions to these general rules. In Armstrong, the court quoted Ray v. State, 403 So. 2d 956, 961 (Fla. 1981), and explained that

> it is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object to the charge and failed to do so if . . . *defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action.*

579 So. 2d at 735 (alteration in original). Similarly, in Lucas, the court reiterated that the only exception it had recognized was in cases where counsel "affirmatively agreed to or requested the incomplete instruction." 645 So. 2d at 427. In Spencer, the court recognized an additional exception where a defendant "expressly concedes that a homicide or an attempted homicide is not justified or excusable." 216 So. 3d at 486. While this additional exception is not applicable here, the question remains as to whether the exception discussed in Armstrong and Lucas applies here.

Sams' defense at trial was twofold—he acted in the heat of passion and in self-defense. Defense counsel actively participated in two charge conferences in which the trial court went over each instruction individually and discussed them with the State and defense counsel. At no point in the charge conference is there any discussion of the introduction to the homicide charge. Instead, during the charge conference, defense counsel asked the court to include the following language in the instruction for

attempted first-degree murder: "An issue in this case is whether the Defendant did not act with a premeditated design to kill because he acted in the heat of passion based on adequate provocation." The instruction then goes on to explain what the jury must find to conclude that Sams acted in the heat of passion. Defense counsel also asked that the charge for attempted second-degree murder include the same language but this time to explain that heat of passion negates the requirement that Sams act with a depraved mind regardless of human life. Defense counsel did not ask that the heat of passion language be added to the attempted manslaughter instruction. He agreed to have the instruction on the justifiable use of deadly force read at the conclusion of all the homicide instructions. Defense counsel did not register any objection to the attempted manslaughter instruction or to the instructions as a whole, although the trial judge diligently inquired of counsel multiple times as to whether he was satisfied with the instructions.

Where counsel has merely acquiesced to jury instructions that do not provide a full instruction on justifiable or excusable homicide, the exception discussed in Lucas does not apply. Spencer, 216 So. 3d at 486 (explaining that the district courts, including this one, have held that where counsel has merely acquiesced to jury instructions that did not provide a full instruction on justifiable or excusable homicide, the exception is not applicable). Counsel for Sams did not merely acquiesce—he was actively involved in shaping the content of the instructions. Nor do we equate his involvement in shaping the jury instructions as being the equivalent of requesting that the court give incomplete instructions—at least not in the sense the supreme court has employed that exception. See, e.g., Armstrong, 579 So. 2d at 735 (explaining that

counsel requested the limited instruction in order to tailor it to the defense that the killing was accidental).

Whether counsel affirmatively agreed to the erroneous instructions is a closer question. There is no specific discussion regarding the introduction to the homicide instruction; however counsel did ask the court to include the definitions for heat of passion and justifiable use of force in the instructions, and the court did as counsel requested. And while defense counsel affirmatively agreed to the attempted manslaughter instruction as read, he did not specifically and affirmatively agree to exclude the required exceptions for justifiable and excusable homicide—he merely failed to object. In addressing the exception for cases in which counsel affirmatively agrees to an omission or alteration of a jury instruction, this court stated in Van Loan, that "[b]efore this exception applies, defense counsel must be aware of the omission, alteration, or incomplete instruction and affirmatively agree to it." 736 So. 2d at 804. We also stated that "[t]he trial court shoulders the responsibility to properly instruct the jury on the definitions of excusable and justifiable homicide." Id. We believe that Van Loan dictates the conclusion that notwithstanding counsel's actions, the omissions here amounted to fundamental error. We find this to be the case even though defense counsel affirmatively agreed to place the justifiable use of force and heat of passion instructions elsewhere in the jury instructions.

We acknowledge that the extent to which Armstrong, Lucas, and Spencer require counsel to agree to an erroneous instruction and whether the record must reflect that counsel knew the instruction was erroneous has been subject to debate among the district courts and is presently the subject of a certified question in Knight v. State, 43

- 5 -

Fla. L. Weekly D404 (Fla. 1st DCA Feb. 19, 2018), <u>review granted</u>, No. SC18-309, 2018

WL 3097727 (Fla. June 25, 2018).  Accordingly, we certify the following question:

> IS IT FUNDAMENTAL ERROR TO CONVICT A DEFENDANT
> UNDER AN ALTERED OR INCOMPLETE LESSER INCLUDED
> CHARGE WHERE COUNSEL AFFIRMATIVELY AGREES TO THE
> INSTRUCTION, BUT THE RECORD DOES NOT SHOW THAT
> COUNSEL WAS AWARE OF THE ALTERATION OR OMISSION
> AND AFFIRMATIVELY AGREED TO IT AND IS IT ALSO
> NECESSARY FOR THE RECORD TO DEMONSTRATE THAT
> COUNSEL WAS AWARE THAT THE INSTRUCTION, AS
> ALTERED, WAS ERRONEOUS?

> Reversed and remanded.


VILLANTI and LUCAS, JJ., Concur.