LAMBERT, J.
*1238 Verne Ecedro Gomez appeals his judgment and sentence for attempted second-degree murder. The sole argument that he raises here is that the trial court committed fundamental error by failing to instruct the jury on justifiable attempted homicide and excusable attempted homicide as contained in Florida Standard Jury Instruction (Criminal) 6.1 (2017). Because Gomez's trial counsel affirmatively agreed to the instruction being read to the jury without the definitions of justifiable attempted homicide and excusable attempted homicide, we affirm.
A trial court's failure to instruct the jury on either justifiable or excusable attempted homicide is fundamental error when a defendant is convicted of attempted manslaughter or a greater offense not more than one step removed. State v. Spencer , 216 So. 3d 481, 483 (Fla. 2017). However, there are two exceptions to the application of the one-step-removed fundamental error analysis regarding the trial court's failure to instruct the jury on justifiable or excusable attempted homicide. Id. at 485-86. The first exception, recognized in State v. Lucas , 645 So. 2d 425 (Fla. 1994), and Armstrong v. State , 579 So. 2d 734 (Fla. 1991), provides that there is no fundamental error where defense counsel affirmatively agreed to or requested an incomplete instruction, and it is directly applicable here.
During the jury instruction charge conference in Gomez's trial, the prosecutor specifically announced that based upon her earlier discussions with defense counsel, she had removed the justifiable and excusable attempted homicide language from the proposed introduction to attempted homicide jury instruction. The prosecutor further explained that the applicable case law also required the defense to make an express affirmative representation of its intent not to seek these instructions. In response, Gomez's trial counsel affirmatively agreed on the record and to the court that she was not seeking this instruction.
In Spencer , the court "reiterate[d] that the Lucas / Armstrong exception to the fundamental error rule continues to apply in situations where defense counsel affirmatively agreed to or requested an incomplete [introduction to attempted homicide] instruction." 216 So. 3d at 488. Accordingly, although Gomez's conviction is one step removed from attempted manslaughter, we hold that under the circumstances of this case, no fundamental error was committed by the trial court by failing to instruct the jury on justifiable and excusable attempted homicide. We affirm Gomez's judgment and sentence.
AFFIRMED.
EVANDER, C.J., and EDWARDS, J., concur.