NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JAMES MICHAEL BRADY,  )
)
      Appellant,  )
)
v.  )    Case No. 2D18-117
)
STATE OF FLORIDA,  )
)
      Appellee.  )
_____ )

Opinion filed November 22, 2019.

Appeal from the Circuit Court for Polk
County; William D. Sites, Judge.

Howard L. Dimmig, II, Public Defender, and
Tosha Cohen, Assistant Public Defender,
Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Michael Schaub,
Assistant Attorney General, Tampa, for
Appellee.

LaROSE, Judge.

      James Michael Brady challenges his judgment and sentences for

(1) domestic battery, (2) shooting into a building, (3) attempted second-degree murder

with a firearm, and (4) tampering with a witness. See §§ 775.087, 777.04, 782.04(2),

784.03, 790.19, 914.22, Fla. Stat. (2015). We have jurisdiction. See Fla. R. App. P.

9.030(b)(1)(A). Because the issues before us warrant no relief, we affirm in all respects.

We write, however, to address Mr. Brady's concern with an incomplete jury instruction for excusable homicide.

## I.       A Brief Factual Background

The charges arise from an incident in September 2015.  Mr. Brady went to his nephew's house to watch football on the television.  They grilled food and drank bourbon.  When Mr. Brady's wife, Sherry Wiker, arrived, the couple argued about whether Mr. Brady should drive home drunk.  Ms. Wiker went home alone.  Later, Mr. Brady's niece drove him home.  Mr. Brady went into a bedroom and retrieved his shotgun.  The shotgun discharged, spewing pellets through the bedroom door and into Ms. Wiker's arm.

At trial, Mr. Brady argued that the shooting was an accident, his failed attempt at suicide.  The State argued that Mr. Brady intentionally attempted to kill his wife.  The jury convicted Mr. Brady of the lesser included offense of battery for count one and as charged for the remaining three counts.  The trial court sentenced Mr. Brady to time served on count one, and concurrent terms of fifteen years in prison on count two and life in prison on counts three and four.

## II.      Incomplete Jury Instruction for Excusable Homicide

Mr. Brady argues that "[t]he trial court committed fundamental error in failing to include a jury instruction on excusable homicide."  He contends that the evidence demonstrated that the offense was committed "in the heat of passion" while Mr. Brady tried to kill himself.  The State sees no error because, in its view, Mr. Brady conceded that the attempted murder was neither justifiable nor excusable.

Section 782.03, Florida Statutes (2015), defines excusable homicide as follows:

> Homicide is excusable when committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution, and without any unlawful intent, or by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat, without any dangerous weapon being used and not done in a cruel or unusual manner.[1]

The State maintains that none of the three circumstances constituting excusable homicide existed because "[s]uicide is not a lawful act, heat of passion caused by provocation, or sudden combat."

In attempted murder cases, the trial court must instruct the jury as to the definitions of justifiable and excusable homicide.  Sams v. State, 44 Fla. L. Weekly D967, D967 (Fla. 2d DCA Apr. 12, 2019); Van Loan v. State, 736 So. 2d 803, 804 (Fla. 2d DCA 1999) ("A trial court must read the definitions of excusable and justifiable homicide in all murder and manslaughter cases.").

Typically, and absent a contemporaneous objection, failure to give these instructions is fundamental error where the defendant was convicted of attempted manslaughter or a greater offense not more than one step removed, "regardless of whether the evidence could support either [justifiable or excusable homicide]."  State v. Spencer, 216 So. 3d 481, 486 (Fla. 2017); see also Pena v. State, 901 So. 2d 781, 787 (Fla. 2005) ("If the jury is not properly instructed on the next lower crime, then it is impossible to determine whether, having been properly instructed, it would have found the defendant guilty of the next lesser offense.  However, when the trial court fails to

---

[1]Cf., e.g., Nicholson ex rel. Gollott v. State, 672 So. 2d 744, 753 (Miss. 1996) (holding excusable homicide instruction inapplicable to fatal shooting which allegedly occurred during unlawful attempt to commit suicide); People v. Chrisholtz, 285 N.Y.S.2d 231, 236 (N.Y. Sup. Ct. 1967) (holding homicide was not excusable by virtue of an accident or misfortune because suicide and discharging a firearm were unlawful acts).

properly instruct on a crime two or more degrees removed from the crime for which the defendant is convicted, the error is not per se reversible, but instead is subject to a harmless error analysis.").

In these circumstances, the Florida Supreme Court has carved out two situations where the defendant cannot successfully assert fundamental error: (1) "where defense counsel affirmatively agreed to or requested an incomplete instruction," or (2) "where the defendant expressly conceded that the homicide or attempted homicide was not justified or excusable."[2]  Spencer, 216 So. 3d at 486, 488; see, e.g., Gomez v. State, 274 So. 3d 1237, 1238 (Fla. 5th DCA 2019) (holding that the first situation applied where defense counsel "affirmatively agreed on the record and to the court that she was not seeking [the justifiable and excusable attempted homicide] instruction").

The second situation does not apply here.  Contrary to the State's assertion, Mr. Brady never conceded that the attempted homicide was not excusable. See Spencer, 216 So. 3d at 487-88 (stating that "Spencer did not expressly concede that the attempted homicides were neither justified nor excusable" where defense counsel did not mention "the presence or absence of excusable or justifiable attempted homicide" during closing statements and "contended that the State had failed to sustain its burden of proof").  He always maintained that the shooting was an accident.

---

[2]The second situation embodies the principle that fundamental error occurs where the trial court fails to instruct the jury on a material element in dispute. See Spencer, 216 So. 3d at 487 (deriving the second situation from the principle "that a defendant may concede an element of a crime such that it is no longer in dispute for purposes of a fundamental error analysis").

Accordingly, we look only at whether defense counsel agreed to the erroneous and incomplete instruction.[3]

Defense counsel's failure to object to the omission of an instruction is not equivalent to an affirmative waiver of the complete instructions. Fletcher v. State, 828 So. 2d 460, 462 (Fla. 5th DCA 2002) (citing Ortiz v. State, 682 So. 2d 217 (Fla. 5th DCA 1996)). Similarly, defense counsel's acquiescence to an incomplete instruction is not an affirmative waiver. Sams, 44 Fla. L. Weekly at D967; see also McNeal v. State, 662 So. 2d 373, 374 (Fla. 5th DCA 1995) ("Although defense counsel repeatedly expressed satisfaction with the proposed instruction that was given by the court, failure to give the correct instruction is fundamental error.").

An affirmative waiver requires counsel to know of the omission before agreeing to the incomplete instruction. Van Loan, 736 So. 2d at 804 ("Before this exception applies, defense counsel must be aware of the omission, alteration, or incomplete instruction and affirmatively agree to it."); see also Pignataro v. State, 834 So. 2d 965, 966 (Fla. 2d DCA 2003) ("Here, as in Van Loan, the record contains no indication that trial counsel had prior knowledge of the omission and agreed to it."); Moore v. State, 114 So. 3d 486, 490-91 (Fla. 1st DCA 2013) ("This court has held that knowledge of the error is necessary to waive fundamental error."). But see Calloway v. State, 37 So. 3d 891, 896 (Fla. 1st DCA 2010) (discussing acquiescence to incorrect

---

[3]The record does not show that Mr. Brady requested the incomplete instruction. See Armstrong v. State, 579 So. 2d 734, 734-35 (Fla. 1991) (holding that no fundamental error occurred where defense counsel requested the trial court give a limited instruction on the definition of excusable homicide and omit the portions of the definition not relevant to the case); Sams, 44 Fla. L. Weekly at D967 (ruling that defense counsel's active involvement "in shaping the content of the instructions" was not "the equivalent of requesting that the court give incomplete instructions—at least not in the sense the supreme court has employed that exception").

- 5 -

jury instructions without mentioning the knowledge component). Further, a waiver depends on the totality of circumstances. Knight v. State, 267 So. 3d 38, 46 (Fla. 1st DCA), review granted, No. SC18-309, 2018 WL 3097727 (Fla. June 25, 2018).

At Mr. Brady's trial, the trial court specifically directed the parties to the missing definitions of justifiable and excusable homicide in the jury instructions. Defense counsel acknowledged the omission. Yet, she agreed to the incomplete jury instructions without objection. Under the circumstances, Mr. Brady affirmatively waived any claim to assert fundamental error. See Spencer, 216 So. 3d at 486; Van Loan, 736 So. 2d at 804; see, e.g., Knight, 267 So. 3d at 49 ("conclud[ing] that the facts established a waiver of the fundamental error" where, "[o]f particular weight was the fact that the trial court expressly directed defense counsel's attention to the intent element as a potential error, and counsel agreed to using the language anyway because it was in the standard instructions").

### III.     Certified Question of Great Public Importance

We acknowledge that some courts, including this court, have questioned—without making any definitive ruling on the matter—whether waiver further requires the record to reflect that counsel knew the omission itself was erroneous. See Sams, 44 Fla. L. Weekly at D967 (certifying, "Is it fundamental error to convict a defendant under an altered or incomplete lesser included charge where counsel affirmatively agrees to the instruction, but the record does not show that counsel was aware of the alteration or omission and affirmatively agreed to it and is it also necessary for the record to demonstrate that counsel was aware that the instruction, as altered, was erroneous" (emphasis added)); Knight, 267 So. 3d at 50 (certifying whether counsel must be aware the instruction was erroneous to waive fundamental error). Such a

- 6 -

question may necessarily require the consideration of counsel's obligation to stay abreast of developments in the law and to maintain the requisite legal knowledge and skill in counsel's practice area. See R. Regulating Fla. Bar 4-1.1, Competence ("A lawyer must provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation."); see also Knight, 267 So. 3d at 47-48 (recognizing counsel's obligation to remain informed). With this in mind, we certify the same question we certified in Sams, as one of great public importance:

> IS IT FUNDAMENTAL ERROR TO CONVICT A DEFENDANT UNDER AN ALTERED OR INCOMPLETE LESSER INCLUDED CHARGE WHERE COUNSEL AFFIRMATIVELY AGREES TO THE INSTRUCTION, BUT THE RECORD DOES NOT SHOW THAT COUNSEL WAS AWARE OF THE ALTERATION OR OMISSION AND AFFIRMATIVELY AGREED TO IT AND IS IT ALSO NECESSARY FOR THE RECORD TO DEMONSTRATE THAT COUNSEL WAS AWARE THAT THE INSTRUCTION, AS ALTERED, WAS ERRONEOUS?

44 Fla. L. Weekly at D967; see also Knight, 267 So. 3d at 49-50 (certifying similar question of great public importance).

Affirmed; question of great public importance certified.


MORRIS and SLEET, JJ., Concur.