# Third District Court of Appeal

## State of Florida

Opinion filed October 8, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1819
Lower Tribunal No. F21-7161
_____

**Emmanuel Dumay,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Teresa Mary Pooler, Judge.

Carlos J. Martinez, Public Defender, and Nicholas A. Lynch, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before SCALES, C.J., and LINDSEY and MILLER, JJ.

PER CURIAM.

Emmanuel Dumay appeals his convictions and sentences for two counts of attempted second-degree murder. Dumay claims that the trial court committed fundamental error by failing to instruct the jury on justifiable and excusable attempted homicide. See Fla. Std. Jury Instr. (Crim.) 6.1 (setting forth the Introduction to Attempted Homicide instruction). Dumay, though, raised no defense below that his shooting of a firearm toward the victims was either justified or excused – indeed, the trial evidence did not support either defense.

As our sister court has explained, the Introduction to Attempted Homicide instruction relates to a defense against the charge of attempted second-degree murder, not to an element of the crime. See Mohammed v. State, 309 So. 3d 269, 274 (Fla. 5th DCA 2020). On this record, where (i) there was no error in the jury instruction for the offenses of conviction (two counts of attempted second-degree murder), and (ii) Dumay makes no claim that the trial evidence was insufficient to support those convictions,[1] we conclude that the trial court's failure to give the Introduction to Attempted Homicide instruction as to defenses neither raised at trial nor supported by the trial evidence did not constitute fundamental error. See e.g. id. at 275

---

[1] See Knight v. State, 286 So. 3d 147, 151 (Fla. 2019).

(citing <u>Sochor v. State</u>, 629 So. 2d 295 (Fla. 1993), and concluding that "we are bound by <u>Sochor</u>'s holding that a failure to issue an unrequested defense instruction is not fundamental error") (footnote omitted).[2]

Affirmed.

---

[2] Dumay urges this Court to apply the fundamental error analysis set forth in <u>State v. Spencer</u>, 216 So. 3d 481 (Fla. 2017). In <u>Knight</u>, however, the Florida Supreme Court receded from (i) its "precedent where a finding of fundamental error was predicated on Florida's jury pardon doctrine," and (ii) its "precedent applying the fundamental error analysis of <u>Stewart v. State</u>, 420 So. 2d 862 (Fla. 1982), outside the context of erroneous jury instructions on the offense of conviction." <u>Knight</u>, 286 So. 3d at 154. "<u>Spencer</u> falls into this category of cases" with respect to convictions for attempted second-degree murder. <u>Melendez v. State</u>, 325 So. 3d 114, 115 (Fla. 5th DCA 2020).